CHARLES S. FRENCH et al.

v.

THE NORTHERN TRUST COMPANY.

*Opinion filed April 16, 1902—Rehearing denied June 18, 1902.*

1. TRUSTS—*creator of a trust has power to provide method of filling vacancies.* The creator of a trust has the right to say in what manner vacancies in the trusteeship shall be filled, and if he exercises that right they cannot be filled in any other manner unless there is a failure or refusal to fill them as directed or the trustee fails or refuses to act, in which case chancery will interpose to preserve the trust.

2. SAME—*equity will not permit a trust to fail for want of a trustee.* Where a will appoints the son of the testatrix as general trustee and creates a separate trust for her grandson, with a separate trustee, who is to act under the supervisory power of the general trustee, who has power to appoint a successor in trust for the grandson by deed or will, or in default thereof such power to vest in the executors of the general trustee, if the general trustee fails to make such appointment and his executors refuse to act, the court will appoint a trustee for the grandson at his request.

3. SAME—*rule as to powers of successor in trust where personal confidence was reposed in trustee.* A court of equity cannot invest a trustee of its creation with powers which were to be exercised or not, according to the discretion of the trustee appointed by the creator of the trust, in whom personal confidence was reposed.

4. SAME—*the court may enforce trust requiring exercise of ministerial power by trustee.* If a power is ministerial or given for the purpose of executing a declared trust which the court can enforce, the court will compel performance of the power or execute it in the place of the trustee, even though there may be some measure of discretion involved.

5. SAME—*what provision of trust may be enforced by court.* Where a trustee is required, as part of his duties, to properly maintain and comfortably provide for the *cestui que trust*, the court, upon appointing a successor in trust, may enforce the performance of such duty, even though the amount which was to be expended was to be discretionary with the trustee appointed by the will.

6. SAME—*when will creates a discretionary power.* Power of a trustee to convey, transfer and deliver to the *cestui que trust* "his said share when said trustee shall be satisfied" that the *cestui que trust* "is competent to take care of the same, and not before," unless the father of the *cestui que trust* shall so direct, is discretionary, and is absolutely gone, so far as the will is concerned, where the

trustee appointed by the will makes no conveyance during his incumbency and none was directed by the father before his death.

7. SAME—*effect where there is no one to exercise a discretionary power.* The fact that there is no one who can exercise a discretionary power in relation to a trust created by will, owing to the death of one party and the resignation of the other, upon whom such power was conferred, does not have the effect to authorize a court of equity to direct the exercise of such discretionary power by a trustee appointed by it.

8. SAME—*when bill to declare trust executed is demurrable.* If the will creating a trust empowers the trustee to convey the property to the *cestui que trust* when the former shall be satisfied that the latter is competent to take care of the same, a bill by the *cestui que trust* to have the trust declared executed and the property turned over to him must allege that he is competent to take care of the property, and it is not sufficient to allege that he is sane.

*French* v. *Northern Trust Co.* 98 Ill. App. 410, affirmed.

APPEAL from the Branch Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. MURRAY F. TULEY, Judge, presiding.

W. J. LAVERY, and R. H. TOWNE, for appellants:

Succession in a trusteeship can only be effectuated in the manner pointed out in the instrument of bounty. *Cole* v. *Wade*, 16 Ves. 27; *Golder* v. *Bressler*, 105 Ill. 419; Tiffany & Bullard on Trusts, 363, *et seq.; Fordyce* v. *Bridges*, 2 Phil. Ch. 498; 2 Beach on Trusts, sec. 369.

Construction is to be placed on the entire instrument, and the intention of the testatrix as expressed in the instrument must govern. 1 Perry on Trusts, 158; 1 Lewin on Trusts, (Am. ed. 1888,) 84; 2 Williams on Executors, 1081, 1082, 1084; *Quincy* v. *Rogers*, 9 Cush. 295.

The power here given is peculiarly one of personal confidence, and does not, except by express words, pass to others to whom, by legal transmission, the same character may happen to belong. 2 Lewin on Trusts, (5th ed.) 608; Tiffany & Bullard on Trusts, 733; *Lyon* v. *Rodenhurst*, 5 Grant, 547; 2 Perry on Trusts, secs. 5, 3; 1 id. sec. 283; *Jones* v. *Fulghner*, 3 Tenn. Ch. 193; *Conklin* v. *Egerton*, 21

Wend. 429; *Beekman* v. *Bonsor*, 23 N. Y. 198; *Taintor* v. *Clark*, 13 Metc. 220; Hill on Trustees, 18, 211; *Young* v. *Young*, 97 N. C. 132; *Tites* v. *Eldridge*, 46 N. J. 632; *Powels* v. *Jordan*, 62 Md. 503; *Gumbell* v. *Trippe*, 75 id. 252; *Penn* v. *Taylor*, 182 Ill. 76; *Hall* v. *Irwin*, 2 Gilm. 176; 1 Sugden on Powers, 152, 211.

When the object of the bounty is ascertainable he will take the property upon failure of the trust. *Burrough* v. *Phillcox*, 5 Myl. & C. 94; *Security Co.* v. *Snow*, 70 Conn. 288.

If one on whom is cast the power to appoint fails to do so, the power is gone. *Beekman* v. *Bonsor*, 23 N. Y. 198.

DUPEE, JUDAH, WILLARD & WOLF, for appellee:

The power in question was not a mere personal discretion, but mandatory, both in the form of its expression and because it was coupled with a duty to appellant Walter in the one contingency and to his heirs in the other. It was therefore a trust power. 2 Washburn on Real Prop. p. 323, par. 27; Lewin on Trusts, 613; *Nickisson* v. *Cockill*, 3 DeG., J. & S. 622; *Ingraham* v. *Ingraham*, 169 Ill. 432; *Keeler* v. *Clifford*, 165 id. 544; *Greenwood* v. *Greenwood*, 178 id. 387; *Tempest* v. *Camoys*, L. R. 21 Ch. Div. 571.

The true nature of such powers for the benefit of others has never been stated with more simplicity and precision than by Washburn in his work on Real Property, vol. 2, p. 323, par. 27.

Trust powers survive with the estate. 2 Lewin on Trusts, 600, 610; Perry on Trusts, sec. 249; Sugden on Property, 64 Law Lib. 462; *Cowley* v. *Hartstonge*, 1 Dow. 361; *Weiland* v. *Townsend*, 33 N. J. Eq. 393.

The fact that the testatrix gave her reason for establishing the trust does not change the legal effect of the language which she used. *Cole* v. *Wade*, 16 Ves. Jr. 27.

The power in question was not one the failure to exercise which would result in a failure of the trust, but one by the exercise of which the trust in question might be brought to an end. If, therefore, it was, as contended,

a mere personal discretion, the resignation of the original trustee extinguished the power, and the appellant Walter could have no relief even if competent to take care of his estate. *Markham* v. *Hufford*, 48 L. R. A. 580.

The decree appointing appellee was made not only by and with the consent in open court of the appellant Walter, but also at his express request. *Lowe* v. *Sgugs*, 13 S. E. Rep. 565.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

Charles S. French, one of the appellants, filed his bill in this case in the circuit court of Cook county against Charles Joel Walter, the other appellant, and the Northern Trust Company, appellee, alleging that he had recovered a judgment against the defendant Charles Joel Walter for $9336.44; that execution was returned unsatisfied, and that the defendant the Northern Trust Company had in its hands upwards of $48,000 which it claimed to hold as trustee for said Charles Joel Walter under the provisions of the will of Jerusha Maxwell, and praying that the trust be declared executed and the judgment of the complainant paid out of the funds. Charles Joel Walter answered, admitting the material allegations of the bill. The Northern Trust Company answered, alleging that the judgment was obtained by confession and collusion between the complainant and the judgment debtor, and denying the liability of the fund to the payment of the judgment. The defendant Charles Joel Walter then filed his cross-bill against the other parties to the suit, claiming that the trust created by the will was limited to the period of his supposed lunacy, and alleging that he was sane, and had been for twenty years. He prayed that he be declared sane and without mental disability; that the trust be declared executed and that the trustee turn over the estate to him. The defendant the Northern Trust Company demurred to the cross-bill, and

197—3

the demurrer was sustained and the bill dismissed; and the court being of the opinion that the original bill was subject to the same infirmities as the cross-bill, dismissed it for want of equity apparent upon its face. The Appellate Court affirmed the decree.

The controversy is over money and securities held by the Northern Trust Company as trustee for Charles Joel Walter, and is to be determined upon the allegations of the cross-bill admitted by the demurrer and the averments of the original bill, which are the same in effect. The right of French to a decree under the original creditor's bill must depend upon the success of the cross-bill, and if Charles Joel Walter has no right to the fund, his creditor, French, has none. The original bill must stand, or fall with the cross-bill.

The facts, as shown by the pleadings, are as follows: In 1875 Jerusha Maxwell, of Walworth county, Wisconsin, the grandmother of Charles Joel Walter, died testate, and her will was admitted to probate in said county. It contained the following provisions:

"*Item 2.*—Subject to above, I devise and bequeath all my property and estate which may belong to me in my own right at my decease, to the children of Ophelia, late wife of Joel C. Walter, in equal shares, the share of Charles Joel to be vested in a trustee, as hereinafter provided. If any of said children should die before me, leaving issue, such issue to take same share as parent if living.

"*Item 4.*—Since by will of my late husband power is given me to devise and bequeath all his property except as in said will is excepted, I hereby, in execution of said power, devise all property and estate covered by said power to Joel C. Walter, and upon his death to executors and trustees of his last will, in trust for children of Ophelia, late wife of Joel C. Walter, in equal shares; in case of death of any child before me, issue to take same share as parent. Share allotted to Ida Ophelia Walter

shall be held in trust for her after her arrival at lawful age. Any income be paid in regular quarterly payments upon her own receipt solely, without power to antici- pate during her life, to be held and enjoyed free and clear of any husband she may have, to her sole use; upon her death, shares so allotted shall vest in her heirs-at- law other than her husband; trustee under this item shall have power to make division of property covered by same, receive interest and profits, pay taxes and other charges, make repairs, sell and convey, and do all other acts necessary to fully execute the trust.

"*Item 5.*—As Charles Joel Walter has shown indica- tions of not being in his right mind, I direct that his entire share shall go to and be vested in a trustee, who shall see that the said Charles Joel is properly main- tained and comfortably provided for out of such prop- erty held by such trustee, he using such amount for that purpose as in his discretion shall seem best, with power in said trustee to sell and convey any property belong- ing to share of said Charles Joel, when in his discretion it shall appear proper; and said trustee shall convey, transfer and deliver to said Charles Joel his said share when said trustee shall be satisfied that said Charles Joel is competent to take care of the same, and not be- fore, unless Joel C. Walter, father of said Charles Joel, shall direct said trustee so to do, and said Charles Joel is to have no power to control, dispose of or encumber such share by any act done or suffered by him, until same shall have been actually conveyed to him by said trustee. In case of death of said Charles Joel before property covered by this item is turned over to him by said trus- tee, legal title shall vest in his heirs. I nominate and appoint Alonzo J. Willard to be trustee under this item with respect to share allotted to said Charles Joel. In case of his death or refusal to accept, then, in default of further appointment by me, the executors and trustees under will of his father, Joel C. Walter, or such other

person or persons as said Joel C. shall by will or deed appoint, shall be such trustee."

Alonzo J. Willard accepted the trust and acted as trustee until the year 1886. The property devised was wholly in real estate, and was of considerable extent and value, situated in Cook county, Illinois, and Walworth county, Wisconsin. During the incumbency of Willard as trustee he conveyed to Charles Joel Walter at various times, by the direction of Joel C. Walter, as provided in the will, all of the real estate except an interest in a lot in Chicago. The property so conveyed to Charles Joel Walter by the trustee was the greater part of the valuable estate, and he disposed of the whole of it. The remainder of the estate was ultimately turned into money and the proceeds invested in securities. In 1886 Alonzo J. Willard filed his bill in the superior court of Cook county asking to be relieved of the trust, and made Charles Joel Walter, and his father, Joel C. Walter, who had the power of appointment of the successor, defendants to the bill. Joel C. Walter entered his appearance and was defaulted for want of an answer. Charles Joel Walter appeared by Anson B. Jenks, his solicitor, and answered the bill. By consent of Charles Joel Walter a decree was entered appointing said Anson B. Jenks as trustee under the provisions of the will, and vesting him with title to the trust property with as great powers as Willard would have had if he had continued to act. Joel C. Walter made no appointment of a successor to Willard, and Anson B. Jenks accepted the trust, received the property and acted as trustee. Joel C. Walter died in 1891, and neither in his lifetime by deed, nor at his death by will, did he appoint any trustee. By his last will and testament he appointed as executors and trustees thereof, Edward C. Rogers, Alonzo J. Willard, Mary E. Walter, Philip Edward Walter and William E. Walter. In disposing of his own estate, by the will he directed his trustees to pay Charles Joel Walter $600 per annum, in

quarterly installments, during his life, and at his death to pay his widow $5000, or in the event he should leave a child or children and no widow, then to pay the $5000 to the child or children. In 1896 Anson B. Jenks, the trustee, and Charles Joel Walter, the *cestui que trust*, filed their bill in the circuit court of Cook county for a partition of the remaining real estate, and their suit resulted in a sale of the property, and the trustee received the proceeds. In 1899 Anson B. Jenks filed his bill in the superior court of Cook county against Charles Joel Walter, asking to be relieved of his duties as trustee. Charles Joel Walter appeared in person and by W. J. Lavery, his solicitor, and in his answer he admitted the allegations of the bill, stated that he was willing that Jenks should be discharged, and requested the court to appoint the Northern Trust Company as trustee. In pursuance of the bill, answer and proofs, and by consent of Charles Joel Walter, a decree was entered by which the court discharged Anson B. Jenks as trustee and appointed the Northern Trust Company in his place, with the same powers, duties and obligations as the trustee originally named in the will. The Northern Trust Company accepted the trust and entered upon its duties as trustee. Anson B. Jenks paid over the fund of $48,000 to it, and the fund is now held by it as such trustee.

Appellants contend that inasmuch as the will of Jerusha Maxwell provides for the method of succession in the trusteeship, such succession can only be effected in the manner directed by the will. The provisions of the will are somewhat peculiar. Joel C. Walter is first named as a general trustee of the whole estate, to whom all the property is devised, to pass upon his death to the executors and trustees of his will. Then separate trusts are created for the different shares of the estate,—one for the share of Ida Ophelia Walter and a second one for the share of Charles Joel Walter. Alonzo J. Willard is appointed trustee for the share of Charles Joel Walter,

subject to the supervisory power of the general trustee
to direct a conveyance or transfer of the trust estate, and
with a power in the general trustee to appoint a suc-
cessor by deed or will, and in default of appointment his
executors and trustees are to act as trustee. The author
of a trust has the right to say in what manner vacancies
shall be filled, and if he exercises that right they cannot
be filled in any other way, unless there is a failure or
refusal to fill them as directed or the trustee fails or re-
fuses to act, in which case chancery will interpose to
preserve the trust. (*Golder* v. *Bressler*, 105 Ill. 419.) In this
case Joel C. Walter did not exercise his power to appoint
a successor to Willard. He was a defendant to the bill
filed when Willard gave up the trust, and was defaulted,
and for five years thereafter, up to his decease, did not
attempt to exercise the power given him. He did not
name a trustee by his will, and his executors and trustees
never accepted the trust under the will of Jerusha Max-
well. All of them either declined to act as executors or
trustees of his will or resigned, and two of them have
died. There is no one acting in the capacity of executor
or trustee of the will of Joel C. Walter, and there is no
person in existence with power to appoint a successor
in trust under the will of Jerusha Maxwell. A court of
equity will not permit a trust to fail for want of a trustee,
and since the power of appointment was not exercised
and the executors and trustees of Joel C. Walter failed
to act, the court had power to make the appointment.
It must be held that the Northern Trust Company was
properly appointed at the request of Charles Joel Walter.

It is next contended by appellants that the power con-
ferred upon the trustee to convey, transfer and deliver to
Charles Joel Walter the estate when the trustee should
be satisfied that said Charles Joel Walter was competent
to take care of the same, and not before, and to thereby
put an end to the trust, was one of personal confidence,
which did not pass to successors in trust with the estate.

As a general rule, where a power is discretionary and of a kind that indicates personal confidence in the one selected to exercise it, a court of equity will not assume to exercise the discretion, and the power will not pass to a successor appointed by the court, in the absence of express words to that effect in the instrument creating the trust. The court cannot invest a trustee of its creation with powers which are to be exercised or not, in the personal judgment and discretion of the one appointed in the creation of the trust, in whom personal confidence is reposed. If the power is ministerial, or given for the purpose of executing a declared trust which the court can enforce, although there may be some measure of discretion involved, the court will compel the performance of the power or execute it in the place of the trustee. If the purposes of a will require the exercise of a power, the duty may be enforced in order that the wishes of the testator may be carried out. In this case the trustee is required by the will, first, to see that Charles Joel Walter is properly maintained and comfortably provided for out of the property held by the trustee, he using such amount for that purpose as in his discretion shall seem best; second, to convey, transfer and deliver to Charles Joel Walter the estate when the trustee shall be satisfied that said Charles Joel Walter is competent to take care of the same, and not before. The provision that the trustee shall see that Charles Joel Walter is properly maintained and comfortably provided for is declared to be discretionary as to the amount used for that purpose, but the intention of the testatrix that he shall be properly maintained and comfortably provided for is clearly declared. The trustee is required to properly maintain and comfortably provide for him and to use what may be necessary to accomplish that object, and the will in that respect creates an enforceable trust. The trustee would not have a mere discretionary power, but a power coupled with a trust which could be enforced or executed by the court.

(*Ingraham* v. *Ingraham*, 169 Ill. 432.) The other provision creates a discretionary power. It confers a discretion as to whether the conveyance shall be made or not, and the power is to be exercised only when the trustee shall be satisfied of the competency of Charles Joel Walter to take care of the estate or when Joel C. Walter shall direct a conveyance. The whole power in that respect is founded, first, on the personal judgment and discretion of the trustee; and second, upon the supervisory judgment and discretion of the father, Joel C. Walter. The court could exercise no control over Joel C. Walter to require him to exercise his arbitrary power and give the direction, nor over the trustee acting in good faith, to require him to be satisfied of the competency of Charles Joel Walter, as a condition precedent to the termination of the trust. Admitting the argument of counsel for appellants that the discretionary power to determine the question of competency and make the conveyance did not pass, by virtue of the will, to the trustees appointed by the court, it results that, so far as the will is concerned, the discretionary power is absolutely gone.

The position of counsel for appellants, however, on that question is, that the trust has come to an end because the discretionary power has ceased. They say that the intention of the testatrix was that the estate should be vested in Charles Joel Walter during his lifetime, provided he should be sane; that the trust was only to exist until that time, and he being sane and there being no one to exercise the discretion and determine that question, he is entitled to the estate. We are unable to reach that conclusion. The evident purpose of the testatrix was to create a trust for the lifetime of Charles Joel Walter, and to provide for a discontinuance of it upon certain conditions specified in the will. The trust was for his maintenance and comfortable support, and was to continue for his life, unless the estate should be turned over to him by the trustee in accordance with the

provisions of the will, and at his death, if it had not been so turned over to him, the legal title was to vest in his heirs. The plain intent was that the trust should continue for his life unless his father, in the exercise of the arbitrary and discretionary power given him, should direct a conveyance to him, or the trustee, in the exercise of his personal judgment and discretion, should become satisfied that he was competent to take care of the estate, and a conveyance before that time is expressly prohibited. It was not intended by the testatrix that the power should be exercised except in the discretion of the trustees empowered by the will to exercise it. We cannot assent to the proposition that the fact of there being no one who can exercise the personal discretion has the same effect as though there was a person capable of exercising it, and as though it was exercised in such a way as to authorize the conveyance. Nor do we think that the power was to be exercised upon the mere determination that Charles Joel Walter was sane. The trustee was to be satisfied that he was competent to take care of the estate, which means much more than mere sanity. It is true, that the testatrix gave as a reason for creating the trust that Charles Joel Walter had shown indications of not being in his right mind; but her reason can not control the plain language of the will as to the condition upon which the conveyance was to be made. She did not declare him insane, and the provision that he was to have no power to dispose of or encumber the share until actually conveyed to him would indicate that she did not refer to actual insanity. If he was insane he could not dispose of or encumber the estate. The direction of Joel C. Walter, or the determination by the trustee, was made a condition precedent to the conveyance to Charles Joel Walter, and until that condition was complied with he would not be entitled to the estate. (*Markham* v. *Hofford*, 48 L. R. A. (Mich.) 580.) There was no allegation that he was competent to take care of the

estate, and in any view of the nature of the power the court was right in sustaining the demurrer and dismissing the bill for want of such an allegation.

None of the cases cited by counsel sustain their claim. There have been cases where a will has given property to a class with a power of appointment in what shares and in what manner the members of the class should take, and it was held that the gift would be distributed among all the class in default of appointment. *Cole* v. *Wade*, 16 Ves. Jr. 27, is a case of that kind, and others to the same effect are cited. The case of *Security Co.* v. *Snow*, 70 Conn. 288, is relied upon; but in that case there was a direct gift by will, and by a codicil it was made subject to a trust during the life of a trustee with discretionary power. The trust terminated at the death of the trustee, and the discretionary power could not be exercised by a successor. The beneficiary was the owner of the property, and was entitled to the absolute control of it on the termination of the trust.

The fact that Willard, while acting as trustee, turned over a large part of the estate to the beneficiary by the direction of his father does not justify turning over the balance and terminating the trust. A large amount of property was turned over by the trustee and disposed of by the beneficiary. The will directed that he should be properly maintained and comfortably provided for, and created an enforceable trust for that purpose. He was fully provided for, and was also given an annual income under his father's will, and yet there is a judgment against him of $9336.44, and he has no property out of which it can be made. What remains of the estate is subject to the trust declared by the will and is to be governed by its provisions.

Charles Joel Walter was a party to the proceedings in court on each occasion when a trustee was appointed. He requested the appointment of the present trustee, and consented that it should have the same powers, du-

ties and obligations as the first trustee under the will. Whether his consent had the effect to vest in the trustee the discretion conferred by the will or not, the decision was correct. Neither he nor his creditor could compel a conveyance of the estate.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*