MARIA MULLANNY

*v.*

JOHN NANGLE *et al.*

*Opinion filed October 24, 1904—Rehearing denied December 8, 1904.*

1. EXECUTORS AND ADMINISTRATORS—*when revocation of the appointment of executor revokes his powers as trustee.* Revocation of the appointment of a person as an executor revokes his powers as trustee, which devolve upon him by virtue of his executorship, only, and not by express appointment as trustee.

2. SAME—*when person substituted as executor possesses power of trustee.* If two persons appointed by will as executors possess powers as trustees by virtue of their duties as executors, the revocation of the appointment of one of such persons as executor and the appointment of another in his place to act with the one previously appointed confers the powers as executor and trustee possessed by the person removed upon the one substituted in his place.

3. SAME—*when court cannot appoint trustee.* If two persons are named as executors and the residue of the testator's estate, after certain disbursements, is devised to them, or the survivor of them, for specific purposes, the refusal of one of them to qualify does not, in the absence of any provision for a successor, justify the appointment of another trustee, but the entire trust devolves upon the person qualifying as executor.

WILKIN and CARTWRIGHT, JJ., dissenting.

APPEAL from the Appellate Court for the First District;—heard in that court on writ of error to the Superior Court of Cook county; the Hon. AXEL CHYTRAUS, Judge, presiding.

This was a bill in chancery filed by the appellant in the superior court of Cook county to obtain a construction of the will of Dominick Mullanny, deceased, and the three codicils attached thereto, and for the appointment of a trustee.

The will bore date March 6, 1896. The testator died September 20, 1901, and the will and codicils were admitted to probate by the probate court of Cook county October 30, 1901. After the payment of debts and funeral expenses and specific bequests to the amount of $1000, by the tenth paragraph of the will the testator nominated Thomas Brenan

and James Healy as executors, and by the sixth paragraph he gave, devised and bequeathed to his said executors, or the survivor of them, all the rest and residue of his estate, which consisted of personal and real estate, in trust, and provided that his said trustees should manage and control the same, but should not have the power to sell or encumber his real estate except No. 1466 Indiana avenue, which they were given power to sell and convey. The will also provided the appellant, who was the widow of his deceased son, John J. Mullanny, should have the right to occupy a flat in one of his buildings free of rent, and be paid by his said trustees, out of his estate, $40 per month, which amount by one of the codicils was increased to $60 per month, during her life; also, after the payment of all charges and expenses connected with the management and control of the estate, including taxes, insurance, repairs, expenses of the trust and trustees' fees, that the net income arising from said estate, or so much thereof as said trustees should deem proper, should be expended for the care, education, support and maintenance of Margaret Mary Mullanny and Dominick Daniel Mullanny, who were the children of the appellant by the testator's deceased son, John J. Mullanny, and sole heirs-at-law of the testator, until the younger of said children should arrive at the age of twenty-three years, when, if living, the entire estate should vest in said grandchildren; that said Dominick Mullanny, on the 9th day of September, 1898, published the second codicil to his said will, which, in part, is as follows: "I hereby nominate and appoint my nephew, John Nangle, with Thomas Brenan, nominated and appointed in my said will, as and to be the executors of my said last will and testament and all codicils thereto, the appointment of James Healy, mentioned in my said last will and testament as executor thereof, being hereby revoked and set aside;" that the said Thomas Brenan declined to qualify or act as executor and also disclaimed said trusteeship and refused to act as trustee; that said James Healy also disclaimed said trus-

teeship and refused to act as trustee; that John Nangle duly qualified as executor and letters testamentary were issued to him; that subsequently said probate court appointed Edward F. Dunne administrator with the will annexed, under the provisions of section 38 of chapter 3 of Hurd's Revised Statutes of 1903, to act with said John Nangle.

The bill was amended and an answer was filed, and it was sought to have determined (1) whether James Healy was removed as trustee as well as executor by said codicil; (2) whether John Nangle was appointed trustee as well as executor by said codicil; (3) and in case it was determined that said James Healy was not removed as trustee by said codicil, to have Edward F. Dunne appointed as trustee in the place of Thomas Brenan to act with James Healy; or (4) in case it was determined that James Healy was removed as trustee and John Nangle substituted in his place as trustee, to have Edward F. Dunne appointed as trustee in place of Thomas Brenan to act with John Nangle.

The case was heard upon the amended bill and answer, and the court decreed (1) that John Nangle, by said codicil, was substituted in the place of James Healy, both as executor and trustee, and that the estate vested in trust in John Nangle; (2) that it was the intention of the testator that there should be at all times two acting trustees of the estate, and Edward F. Dunne was appointed trustee in the place of Thomas Brenan to act with John Nangle; that thereafter Edward F. Dunne declined to act as trustee, and the court substituted in his place as trustee the appellant. To reverse this decree John Nangle sued out a writ of error from the Appellate Court for the First District, where errors and cross-errors were assigned by the respective parties. The Appellate Court affirmed the decree of the superior court in so far as it decreed that John Nangle was appointed executor and trustee in place of James Healy, and reversed the decree in so far as it decreed that it was the intention of the testator that there should be at all times two acting trustees, and

held that John Nangle was the sole trustee of said estate, and that as there was no vacancy in the trusteeship, the superior court was powerless to appoint appellant a trustee to act with said John Nangle, and all costs were adjudged against the appellant, Maria Mullanny, and she has prosecuted an appeal to this court to review the judgment of the Appellate Court.

P. H. O'DONNELL, and WILLIAM DILLON, for appellant:

Where a testator creates a trust and names trustees but makes no provision for the appointment of new trustees, the court of chancery has full power to fill vacancies as they occur, upon a proper bill filed for that purpose. *West* v. *Fitz,* 109 Ill. 425; *Leman* v. *Sherman,* 117 id. 657; 137 id. 94; Hill on Trustees, (4th Am. ed.) div. 3, chap. 2.

As a general rule the number of trustees selected by the testator should be maintained. If the beneficiaries, or some of them, ask the court, in a proper proceeding, to fill vacancies as they occur, the court has the power to do this, and, as a general rule, should do it. The rule is not coercive where a large number of trustees are appointed, but where only two are appointed the number should be maintained. 2 Lewin on Trusts, (Flint's Am. ed.) chap. 25, secs. 28, 32, 34, 35; I Perry on Trusts, (5th ed.) par. 286; *Massachusetts Hospital* v. *Amory,* 12 Pick. 445; *In re Ellison's Trusts,* 2 Jur. (N. S.) 62.

If only two or three trustees are appointed by the settlor the number should not be diminished but may be increased. 2 Lewin on Trusts, chap. 25, sec. 32; *Plenty* v. *West,* 16 Beav. 356; *Birch* v. *Cropper,* 2 DeG. & Sm. 255.

The fact that there is a surviving trustee or surviving trustees in whom the title to the trust property is vested and who are competent to exercise the duties of the trust does not deprive the court of the power to fill the place of a trustee who has died or retired or disclaimed. Nor is the fact that the settlor uses the words "or the survivors or survivor of them," after naming or referring to his trustees, to be re-

garded as indicating an intention that vacancies are not to be filled until the last surviving trustee has died or resigned, even where these words are used in declaring the trusts and defining the powers of the trustees, and not, as in the present case, merely as a part of the limitation of the title to the trust property. *Finlay* v. *Howard,* 2 Dr. & War. 490; *Hibbard* v. *Lambe,* 1 Amb. 309; *Lake* v. *DeLambert,* 4 Ves. 592; *Attorney General* v. *Barbour,* 121 Mass. 568.

The fact that the trustee whose place it is proposed to fill never acted in the trust, but died during the lifetime of the testator or died or disclaimed after his death but before entering on the duties of the trust, constitutes no reason why his place should not be filled. 2 Lewin on Trusts, chap. 25, sec. 21; 2 Beach on Trusts and Trustees, 867.

Where a testator by his will creates a trust as to residuary real and personal estate, and distinguishes clearly and correctly between the offices of trustee and executor, such offices are wholly distinct and separate, even as regards the personal estate, for "if a testator in his will appoint his executor to be a trustee, it is as if different persons had been appointed to each office." 1 Perry on Trusts, (5th ed.) par. 281, p. 424.

If a testator by will devises to several persons upon trust and nominates them his trustees and executors, and then by codicil revokes the appointment of one of them as executor and substitutes another person as executor in his place, such revocation and new appointment extend only to the executorship, and do not, by implication, affect the trusteeship. *Cartwright* v. *Shepheard,* 17 Beav. 301; *Graham* v. *Graham,* 16 id. 550; 1 Lewin on Trusts, chap. 12, sec. 1, sub. sec. 6.

Removal from the trusteeship of a will is held not to involve removal also from the executorship. *Deraismes* v. *Dunham,* 22 Hun, 86; *Quackenboss* v. *Southwick,* 41 N. Y. 117.

JAMES SMITH, for appellee:

Where more than one trustee is appointed and one disclaims or renounces, the power then may be exercised by the

survivor unless the contrary is expressed in the instrument creating the power, and as long as the survivor continues to act there is no cause or power in a court of chancery to name a second trustee. 1 Lewin on Trusts, pars. 606, 607; *Adams* v. *Taunton,* 5 Mad. 435; *Bayley* v. *Cummings,* 10 Ir. Eq. 410; *Cooke* v. *Crawford,* 13 Sim. 96; *Crew* v. *Dicken,* 4 Ves. 97; *Hawkins* v. *Kemp,* 3 East, 410; *Granville* v. *Mc-Neile,* 7 Hare, 156; *Sands* v. *Nuyce,* 8 Sim. 130; *Long* v. *Long,* 62 Md. 57; *Ellis* v. *Railway Co.* 107 Mass. 13; *Brownell* v. *Reed,* 1 Hare, 434; Perry on Trusts, sec. 273.

The word "survivor" in a will is to be construed in its natural and literal sense, unless there is something in the context tending to a different conclusion. The will should be looked into to ascertain the intention of the testator in using the word. 2 Redfield on Wills, 372; *Barlow* v. *Saller,* 17 Ves. 479.

By the common law, as well as by statute, the estate of trustees is held in joint tenancy, and upon the death of one of several trustees the whole estate devolves upon the survivor. *Golden* v. *Bressler,* 105 Ill. 419; *Mittel* v. *Karl,* 133 id. 68; Rev. Stat. chap. 30, par. 5; *Cheney* v. *Teese,* 108 id. 473; *Richardson* v. *Ryan,* 15 id. 13; *Webster* v. *Vandementer,* 6 Gray, 428; *Nicholas* v. *Campbell,* 10 Gratt. 560; *Arnold* v. *Jack's Exrs.* 24 Pa. St. 57.

Where it is the intention of the testator that the same persons should act as executors and trustees, the revocation, by codicil, of one office is a complete revocation. *Barnet* v. *Wilkins,* 5 Jur. (N. S.) 687; Schowles on Executors, (2d ed.) 247.

When a will expressly or by implication creates a trust and imposes upon the executors the duties which are usually performed by trustees, they for that purpose will be trustees. Schowles on Executors, (2d ed.) 247.

Where a testator by his will devises real estate to his trustee and afterwards by codicil changes the trustee, the title to the real estate is transferred to such newly appointed trustee

by *implication*, and does not require that the testator should in the codicil again devise the estate to the trustee. *Hough's Will*, 4 DeG. & S. 311; *In re Turner*, 2 DeG., F. & J. 527; Lewin on Trusts, par. 215.

Mr. JUSTICE HAND delivered the opinion of the court:

The first question which presents itself for our consideration in this case is, what effect, if any, did the revocation of the appointment of James Healy, and the appointment of John Nangle as executor in his stead, have upon the powers of James Healy as trustee? The will named James Healy as an executor but did not expressly name him as a trustee. He therefore became trustee by virtue of the fact that certain powers and duties were conferred upon him as executor which did not pertain to the powers and duties of an executor, but belonged to those of a trustee. The powers and duties of an executor and those of a trustee are separate and distinct, and while they are usually performed by different persons, the same persons are occasionally named in wills as both executors and trustees. If a person be expressly named as executor, also as trustee, the revocation of his appointment as executor will not necessarily revoke his appointment as trustee; but where powers and duties are conferred upon a person appointed as executor which do not pertain to the powers and duties of an executor but pertain to those of a trustee, the executor, by virtue of his appointment, becomes a trustee by implication of law, in which event the revocation of his appointment as executor revokes his power to act as trustee, and the duties and powers conferred upon him as an incident to his appointment as executor will terminate upon a revocation of his appointment as executor, unless otherwise provided by the will. In other words, if James Healy had been specifically named as executor, also as trustee, and his appointment as executor alone had been revoked, his powers and duties as trustee would not necessarily have terminated; but as he was named as executor only, and as executor cer-

tain powers and duties were conferred upon him which pertained to those of a trustee, upon the revocation of his appointment as executor his right to perform the powers and duties conferred upon him as executor which pertained to the powers and duties of a trustee were terminated. The testator, after revoking the appointment of James Healy as executor, which revoked his appointment as trustee, appointed John Nangle as executor in the place of said James Healy. The powers and duties of Thomas Brenan remained as they were before the appointment of John Nangle, who by the terms of the codicil was appointed executor to act with Thomas Brenan. If John Nangle was to act with Thomas Brenan, then obviously the powers and duties conferred upon him were intended by the testator to be the same as the powers and duties conferred upon Thomas Brenan, which were the powers and duties not only of an executor, but also of trustee. After naming John Nangle as executor, the codicil contains the expression "said trustees." These words clearly refer to Thomas Brenan and John Nangle. We think it clear, therefore, that the testator intended to revoke the appointment of James Healy as executor and trustee and to substitute in his place as executor and trustee John Nangle, and that the superior and Appellate Courts ruled correctly in holding that by virtue of the appointment of John Nangle as executor he was given the powers and duties of trustee that were originally conferred upon James Healy by the will.

The next question presented for our determination is, upon Thomas Brenan declining to qualify as executor and disclaiming as trustee, did the superior court have the right to appoint a successor to Thomas Brenan as trustee to act with John Nangle? The testator appointed two executors by his will, and gave, devised and bequeathed to said executors, or to the survivor of them, so much of his estate as should remain after the payment of his debts, funeral expenses and certain charges and bequests, in trust for the specific purposes named in his will. At the time of the testator's death

his duly nominated and appointed executors were Thomas Brenan and John Nangle, who by implication of law were also the trustees of the residuum of his estate. Thomas Brenan refused to qualify as executor and trustee, whereupon John Nangle qualified as executor, and thereupon became sole executor and trustee of said will and codicils and said estate. The testator, by devising the residue of his estate to his executors or to the survivor of them, showed that he did not intend that there should always be two acting trustees of his estate, otherwise, in case of the death of one of the executors appointed by him, he would not have provided that the survivor should hold in trust the remainder of his estate, but would have provided for the appointment of a successor to said trustee. Where a testator names two trustees and makes no provision for the appointment of a successor in case one of the trustees dies, resigns or refuses to act, the entire trust devolves upon the trustee who qualifies. (*Golder* v. *Bressler,* 105 Ill. 419.) This being true, it is apparent so long as such trustee acts there is no vacancy in the trusteeship. While a court of equity will not allow a trust to fail for want of a trustee, such court cannot rightfully appoint a trustee to administer a trust until there is a vacancy in the trusteeship, and in case a trust is created and more than one trustee is named, the author of the trust has the right to determine whether the failure of one trustee to qualify shall create a vacancy, and in case of a vacancy to determine in what manner it shall be filled. (*French* v. *Northern Trust Co.* 197 Ill. 30.) Here the author of the trust appointed two trustees. One, only, qualified. No provision was made for the appointment of a successor, and it is apparent the testator did not intend that the failure of one trustee to qualify should create a vacancy. In such state of case the trust devolved upon the trustee who qualified and there was no vacancy in the trusteeship, and the superior court was without power to appoint a trustee to act for the one who failed to qualify with the one who had qualified.

We have looked into the record and are of the opinion the Appellate Court did not err in adjudging the cost in that court and in the trial court against the appellant.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*

WILKIN and CARTWRIGHT, JJ., dissenting.