(82 South. 529)

DAVIS et al. v. LAMBERT. (3 Div. 396.)

(Supreme Court of Alabama. June 26, 1919.)

1. TRUSTS ⟨⟩156—EXECUTORS AS TRUSTEES—DISCHARGE AS EXECUTOR—EFFECT ON PERSONAL TRUST.

The right to execute a personal trust not being attached to the office of executor, though vested in the person so named, is not dependent upon that office, and is not lost by the discharge of the donee as executor.

2. EXECUTORS AND ADMINISTRATORS ⟨⟩138(8) —SALE OF LAND—AUTHORITY OF EXECUTOR AS TRUSTEE UNDER WILL — DISCHARGE AS EXECUTOR.

Where the exercise of discretionary power granted the executor by the will to sell property devised for reinvestment is dependent upon a prior division of the estate, as directed in the will, the executor as trustee, if a division is not otherwise effected by the devisees, is authorized to institute proceedings to sell, though he has been discharged as executor.

Appeal from Circuit Court, Montgomery County; Leon McCord, Judge.

Bill by Vitus Lambert against J. M. Davis and another to construe the will of Jeremia Davis. From the decree, respondents appeal. Affirmed.

After directing that his estate be divided into two equal parts, without specifying how or by whom, and giving and devising one part to his married daughter and one part to his son, then under age, with conditional limitations in each case, the will proceeds as follows:

Item 5. I hereby appoint my brother-in-law Vitus Lambert of New York as executor of this will, and I hereby expressly exempt him from giving any bond as security as such executor.

I further direct that if at any time in the judgment of my said executor it shall be to the interest of my estate to sell any of the property belonging to my estate for the payment of debts due by me he is authorized and empowered to make such sale without any order of court, and to make the necessary deeds to the purchaser; I further direct that in the event that my said executor should at any time deem it to the best interest of my said daughter to sell any portion of the property which is left to her, for the purpose of reinvesting the proceeds in other property he is hereby authorized and empowered to do so without any order of court and to make titles to the purchaser and to reinvest the proceeds in other property or in such other manner as may seem best in his judgment.

I further direct that in the event of the death of said executor I appoint my son, James M. Davis, as executor, without bond, he to have the same powers as to sale of property as are given to the said Vitus Lambert.

The complainant qualified as testamentary executor in January, 1915, and, after due probate of the will and the payment by him of all the debts of the estate and the collection of all debts due the estate, he was on his own petition fully discharged from the office and duties of executor in February, 1917. The bill shows that there are numerous pieces of real property belonging to the estate which have never been divided between the two devisees as directed, and shows further that it would be to the best interest of the daughter, Claire M. Lasseter, for some of the property inherited by her to be sold for reinvestment. The prayer of the bill is that the court will decree how and in what manner the estate shall be divided under item 3 of the will of said Jeremia Davis, and will decree that the right of orator to convey the property of said Claire M. Lasseter, given in item 5 of said will, is not in any way impaired or affected by reason of said orator having been discharged as executor of the estate of the said Jeremia Davis.

The decree of the circuit court by McCord, Judge, is as follows:

It is therefore ordered, as adjudged and decreed by the court, that the complainant, Vitus Lambert, has full power and authority under item 5 of the will of Jeremia Davis, deceased, as testamentary trustee, to sell any portion of the property devised by the said Davis to his daughter Claire M. Lasseter for the purpose of reinvesting the proceeds as seems best in his judgment, and that the fact that the said Lambert has made a final settlement as executor and been discharged as such does not modify, limit, or destroy all or any of the right, power, or authority bestowed on him by item 5 of said will of said Jeremia Davis. It is further ordered, adjudged, and approved by the court that item 3 of the will of the said Jeremia Davis

⟨⟩For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

does not authorize or direct the estate devised by him to his son and daughter to be divided in any particular manner or method or by any particular person or persons, nor within any particular time, and the said property may be divided when desired by the parties by any legal method.

W. A. Jordan, of Montgomery, for appellants.

Hill, Hill, Whiting & Thomas, of Montgomery, for appellee.

SOMERVILLE, J. We think the decree of the circuit court is based upon a correct construction of the will in question. Tilley, as Guardian, v. Letcher, Adm'x,. 82 South. 527;[1] Hinson v. Williamson, 74 Ala. 180; Boland v. Tiernay, 118 Iowa, 59, 64, 91 N. W. 836; Scholl v. Olmstead, 84 Ga. 693, 11 S. E. 541; Mullanny v. Nangle, 212 Ill. 247, 72 N. E. 385.

[1] The right to execute a personal trust, not being attached to the office of executor, though vested in the person so named, is not dependent upon that office, and is not lost by the donee's discharge as executor.

[2] Inasmuch as the exercise of the discretionary power granted by item 5 of the will, viz., to sell the property devised to Mrs. Lasseter for reinvestment, is dependent upon a prior division of the estate, as directed in item 3, it is clear that, if a division is not otherwise effected by the devisees, the trustee, Lambert, would be authorized to institute proceedings in a proper forum for that purpose.

Let the decree of the circuit court be affirmed, with the addendum just above noted.

Affirmed.

ANDERSON, C. J., and MAYFIELD and THOMAS, JJ., concur.