Berkeley Baptist Divinity School, a California Charitable Corporation et al., Plaintiffs-Appellants, v. Allen Campbell, Administrator with Will annexed of the Estate of Annette Ellars Williamson, Deceased, et al., Defendants-Appellees.

Gen. No. 10,084.

Third District.

February 26, 1957.

Released for publication March 14, 1957.

Brown, Hay & Stephens, of Springfield, and John A. Rutledge, of Arthur, for plaintiffs-appellants; Paul W. Gordon, of counsel.

Nichols & Jones, of Tuscola, for defendants-appellees.

PRESIDING JUSTICE REYNOLDS delivered the opinion of the court.

This suit arises out of a dispute over a trust provision of the will of Annette Ellars Williamson, who died on April 19, 1945, a resident of California. Her will was originally admitted to probate in California and because at the time of her death she was the owner of approximately 355 acres of farm land in Douglas county, Illinois, her will was admitted to probate in

Douglas county, on November 20, 1945 and letters testamentary were issued by the County Court of Douglas county to Ola R. Fleming, named trustee in the will.

The farm in Illinois was disposed of by the fourth item of her will in the following language:

"(i) My farm in Douglas County, Illinois, consisting of 355 acres more or less, and more particularly described as: (Here follows Legal Description) unto my nephew Ola R. Fleming, in trust, however, for the following uses and purposes: To hold said farm property in trust and to operate same until such time as in the sole judgment and discretion of my said trustee, it can be sold to the best advantage of my estate. During all the time that my said farm property shall be so held, the net income, after deduction of all necessary expenses, including taxes and reasonable fees to my said trustee, shall be divided into sixteen (16) equal parts, and paid in equal instalments as received, to the following persons and institutions:

"To William Campbell, Allen Campbell, Frank Campbell, Glen Campbell and Grace McMullen, children of my deceased brother, Joseph Campbell, each one share, or a total of five shares thereof.

"To Fred Campbell, Jeretta Campbell Nohren, Dora Campbell Nohren and Pearle Campbell, children of my deceased brother, Harvey Campbell, each one share, or a total of four shares thereof.

"To Joseph Stephen Campbell, Leonard Campbell, Harry William Campbell, Frances Campbell McElvine and Nettie May Campbell, children of my deceased brother Stephen Fleming Campbell, each one share, or a total of five shares thereof.

"To Alta Welcome, Nettie Welcome and Percy Welcome, share and share alike, the one share that would have been given to their mother, Susan Campbell Welcome, were she living.

16

"To the Young Women's Christian Association of Long Beach, California, and the Young Mens' Christian Association, of Long Beach, California, one share thereof, to be divided equally between them, this completing the total of sixteen shares.

"Upon the sale of my said farm property, as hereinbefore provided, it is my will that one-sixteenth (1/16) of the proceeds thereof shall be divided equally between the Young Men's Christian Association and the Young Women's Christian Association, both of Long Beach, California. The net income from the remaining fifteen (15) shares shall continue to be distributed by my said trustee to the beneficiaries named hereinbefore in this section (1), during the term of their natural lives, and upon the death of any beneficiary the proportion of the principal of the share of said beneficiary shall thereupon be paid in equal shares to the Atherton Court, a corporation, 700 Irving St., Alhambra, California, and Berkeley Baptist Divinity School, an Educational Institution, until the death of the last surviving beneficiary, whereupon this trust shall ipso facto terminate and the trustee be discharged."

Item Six of the will provided as follows:

"Any inheritance taxes assessed against any gift, devise or bequest herein shall be paid out of my Illinois farm."

Ola R. Fleming, named as trustee by the will, died on December 21, 1945, without having assumed the duties of trustee under the will. Allen Campbell was thereupon appointed as administrator with the will annexed of the estate of the decedent. Mr. Campbell acted as such trustee and managed the farm until the filing of this suit and the appointment of W. R. Kimball as "Interim Trustee" by the Circuit Court of Douglas County, Illinois, on October 23, 1950. Kimball acted as such trustee until his death on October 24,

17

1953, and the Central National Bank of Mattoon, Illinois was appointed Successor Interim Trustee, and that bank is still acting in such capacity.

Of the life beneficiaries named in the will, Grace McMullen died October 6, 1941, prior to the date of the death of the testatrix; Pearle Campbell died on October 2, 1945; Glen Campbell died on April 19, 1946; Fred Campbell died on October 22, 1949; Frank Campbell died on February 21, 1950, and Alta Welcome died on February 21, 1951. Thus six of the named life beneficiaries are dead.

The original complaint herein was filed by Berkeley Baptist Divinity School and Atherton Court, both California charitable corporations and the ultimate beneficiaries of the trust, on December 30, 1948. In the original complaint it was prayed that the court would take jurisdiction of the trust, and appoint Ervin L. Jurgens as successor trustee, and that the said successor trustee be authorized and directed by the court to sell the real estate involved herein. The court did enter an order assuming jurisdiction, but did not act upon the prayer for the appointment of a successor trustee until the appointment of W. R. Kimball on October 23, 1950. No further action was taken in the matter until plaintiffs filed their separate or supplemental complaints, asking that the trustee be directed to sell the land. Motions to dismiss the petitions and supplemental complaints were filed on behalf of the life beneficiaries. By stipulation certain testimony as to the value of the land, the income from the operation of the farm, the income that would be derived if the land were sold and the money invested in legal securities was put in the record. The materiality or relevancy of this testimony was not admitted by the plaintiffs.

The court found that the fair cash market value of said real estate of the decedent in Douglas County

18

was $174,500; that the net income from the real estate for three years, 1952, 1953 and 1954 had been approximately $10,000 per year; that the average gross income on legal investments of trustees where the trust assets are invested in legal securities, other than real estate, does not exceed $2\frac{1}{4}\%$ which would average $3,800 per year from said trust if the land was sold and the proceeds invested in such securities; that the discretionary power vested in Ola R. Fleming by the will was personal to the said Ola R. Fleming, and that he, having died without exercising such discretionary power, and the will having failed to provide for such contingency, the matter of the sale of said land became a question of construction by the court; that the power of sale and direction to sell was a power personal to the said Ola R. Fleming and was not such a power as would pass to a successor trustee, and that the successor trustee would have no power to sell such lands, except by authority from a court of competent jurisdiction; that the sale of the real estate was not necessary for the proper management and operation of said trust, and that at that time, it was not to the best interest of the estate that the said real estate be sold. From those findings and the decree of the court, the plaintiffs have prayed an appeal to this court.

The plaintiffs in their appeal contend that the will of Annette Ellars Williamson requires that an immediate sale of the real estate be had. They further contend that the will shows a clear intention on the part of the testatrix that the real estate should be sold with reasonable promptness and in no event later than the death of the first life beneficiary; that the discretion lodged in Ola R. Fleming was not whether or not the land should be sold, but when, and that the power and direction to sell were not personal to Fleming but passed to the successor trustee.

19

██ In passing on the questions raised it will be necessary for this court to determine whether or not there was any discretion lodged in the original trustee as to whether or not a sale should be made. If there was such a discretion vested in Ola R. Fleming, then under the authority of the case of French v. Northern Trust Co., 197 Ill. 30, such authority and discretion would not pass to a successor trustee. In that case the court said: "As a general rule, where a power is discretionary and of a kind that indicates personal confidence in the one selected to exercise it, a court of equity will not assume to exercise the discretion, and the power will not pass to a successor appointed by the court, in the absence of express words to that effect in the instrument creating the trust. The court cannot invest a trustee of its creation with powers which are to be exercised or not, in the personal judgment and discretion of the one appointed in the creation of the trust, in whom personal confidence is reposed. If the power is ministerial, or given for the purpose of executing a declared trust which the court can enforce, although there may be some measure of discretion involved, the court will compel the performance of the power or execute it in the place of the trustee. If the purposes of a will require the exercise of a power, the duty may be enforced in order that the wishes of the testator may be carried out."

This view of the court is again stated in the case of Yates v. Yates, 255 Ill. 66, where it was said: "As a general rule, where a power is of a kind that indicates personal confidence in the one selected to exercise it, and may be exercised by him or not, in his personal judgment and discretion, a court of equity will not assume to exercise the discretion, and the power will not ordinarily pass to a successor appointed by the court. (French v. Northern Trust Co., 197 Ill. 30.) If, on the other hand, it clearly and specifically appears

20

from the instrument that this power is annexed to the office of the trustee for the purposes of the trust and to promote its objects, then such power will pass, with the trust, to the successor of the original trustee and can be exercised by him."

The case of Smith v. Renne, 382 Ill. 26, has facts somewhat analogous to the instant case. There a trust was created in the following language: "All the rest of my estate both Real and Personal to Herbert C. Smith and Orval M. Morgan as Trustees under this will, to be held for a period of five years or until such time as in their opinion it could be sold to best advantage." And the court in that case, said: "Where no time is mentioned in connection with a general direction to sell, the requirement that the trustee sell within a reasonable time, and the power of a court of equity to require a sale within a reasonable time, prevent the rule against perpetuities from operating." And the court continuing said: "Examination of the will, however, discloses that the testatrix intended the sale to take place as soon as convenient and that the five-year period was fixed more as a limitation within which a sale could be made rather than a prohibition to sell before that time."

In the case of Teater v. Salander, 305 Ill. 17, the testator gave directions as follows: "It is my will and desire that my executor hereinafter named shall sell at public vendue, or, if he shall deem best, at private sale, all the real estate that I may own at the time of my death, at such times as he may think best for the interest of my estate."

And the court in that case said: "While the appellee is given the right to exercise his judgment as to when the sale should take place, the direction to sell is positive, and he does not have the right to determine whether or not it shall be sold at all; nor has he any right, merely under the pretense of exercising the dis-

21

cretion vested in him, without a valid reason therefor, to refuse to sell for an indefinite period of time." And the court continuing, said: "While no time for the sale was fixed by the terms of the will, it was undoubtedly the intention of the testatrix that the sale be made as soon as it could be done consistently with the best interest of the estate."

In the case of Knight v. Wacaser, 317 Ill. App. 162, the sale and distribution of the estate was left to a son, in this language: "The sale and distribution of my estate after my death is to be left entirely to the judgment of my son, Charles A. Gregory, in whom I have the utmost confidence, both as to his ability and integrity." In that case, the court held that the circuit court was justified in finding that Gregory had delayed selling the real estate for an unreasonable length of time, 12 years, and correctly ordered a sale of the property. And the court in that case further stated that the trial court had properly ordered the removal of Gregory as Trustee and the appointment of a successor.

Here, the directions for sale are not as positive as those in the Teater v. Salander case, but correspond more to the directions in the Smith v. Renne case, and the Knight v. Wacaser case. Yet the court in the Smith v. Renne case held that the directions were sufficiently definite and that the sale should be made within a reasonable time.

A reading of the will in this case seems to clearly indicate the intention of the testatrix that the land be sold. The sale of the real estate and distribution of the proceeds is the objective clearly indicated by the language in the fourth item of the will. It would seem from a reading of the whole will, and especially the burdening of the Illinois land with the payment of the inheritance taxes, that the general plan of the testatrix was, not to provide a certain income for life bene-

22

ficiaries, but for the protection of her property against loss by a hasty or imprudent sale, and to prevent such hasty or imprudent sale, she gave the trustee the right to use his best judgment as to when the sale should be made, but not as to whether or not the sale should be made. There is nothing in the will to indicate a desire on the part of the testatrix to guarantee an income for the named life beneficiaries.

■ ■ In any interpretation of a will our courts have sought diligently to carry out the will of the testator insofar as may be ascertained. Here, there seems to be a definite intention on the part of the maker that the farm be sold, but the time of sale is left to the discretion of the trustee. The named trustee died without having made a sale. If, as we interpret the language of the will, there was an intention to sell and only the time of sale was left to the discretion of the trustee, then the power to sell passed to the successor trustees.

It would seem to this court that sufficient time has passed for the carrying out of the intentions of the testatrix. It is the opinion of this court that the only discretion vested in the original trustee was as to the time of the sale, the directions for sale being sufficiently expressed by the will and that a sale should be made at this time. To hold otherwise would be to allow the trial court to rewrite the will of Annette Ellars Williamson and thus defeat the intention of the maker. We must hold that the power and duty to sell passed to the successor trustee.

The judgment and order of the Circuit Court of Douglas county is reversed and the cause remanded with directions to proceed in accordance with the views expressed herein.

Reversed and remanded with directions.