Ada Andris, Plaintiff-Appellee, v. Clifford Biehl, Clark Biehl, Dale Biehl, and Edna Buren, Defendants-Appellants.

Gen. No. 10,301.

Third District.

October 20, 1960.

Arlo E. Bane, of Bloomington and LeRoy, for appellants.

Costigan, Wollrab, and Yoder, of Bloomington, for appellee.

CARROLL, PRESIDING JUSTICE.

E. J. Biehl died testate on August 19, 1955. Under his Will all of his property was left in trust for the use and benefit of certain named beneficiaries. He named his three sons, Clark Biehl, Clifford Biehl and Dale Biehl as both executors and trustees. Upon admission of the Will to probate, the executors qualified and entered upon their duties.

This proceeding involves a part of the trust assets consisting of 160 acres of farm land in McLean County, Illinois. The terms and conditions of the trust pertaining to this particular asset were set out in the Third Paragraph of the Will and are as follows:

> "My executors and trustees are to take full charge of my 160 acres of real estate and are to farm the same, keep the premises insured for their reasonable and insurable value and repair all losses, maintain the fences and improvements in good repair, improve the soil, and maintain the same in good fertility, pay all taxes, assessments or charges against any of my land and after the payment of all expenses to annually divide the net proceeds equally among my children, Clark Biehl, Edmund Biehl, Clifford Biehl, Dale Biehl, Edna Buren, Ada Andris, and the children of my deceased daughter, Edith Poole, Karen and Wilma. In the event of the death of any of my children, then the annual share of the proceeds of my land, which would be paid to such child shall be distributed to their children in equal shares, if they have children, and, if none, then that share is to lapse and be divided among my other children or grandchildren living at that time. Upon the death of all of my children said real estate is to be sold, converted into cash, and the entire proceeds divided equally among my grandchildren, per stirpes, and not per capita."

On May 29, 1957, Ada Andris, a daughter of the testator and a beneficiary under the trust, filed her complaint in the Circuit Court of McLean County alleging in substance that the trustees have failed to properly manage the farm; that they have not made a satisfactory report; that they have not made an annual distribution from the trust; and that it would be for the best interests of the trust that the trustees be replaced. The complaint prayed an order that Clark Biehl, Clifford Biehl and Dale Biehl be removed as trustees; that the National Bank of Bloomington be appointed in their place; that the trustees be required to account and pay plaintiff any sum appearing due on the taking thereof; and that the plaintiff have such other and further relief as might be just and proper. The trustees and all of the beneficiaries other than plaintiff were made defendants. Answer being filed, the cause was referred to a special master in chancery to take testimony and report same together with his conclusions to the court.

On October 17, 1958, the special master reported that from the evidence submitted to him he found that plaintiff had failed to sustain the charges against the trustees and had failed to establish grounds for removal of the trustees. The report contained an additional finding that under the provisions of the Third Paragraph of the Will, the real estate is to be sold upon the death of all of testator's children and the trust will continue at least for the lifetime of all of the three named trustees; that if either defendants Edna Buren or plaintiff survive all three trustees, it will be necessary to appoint a trustee to administer the trust as long as any child of the testator is living; that upon the death of his last child a trustee will have to be appointed to reduce the trust corpus to cash and make distribution as provided in the Will.

395

It was the special master's recommendation that the court enter an order confirming the trust and to eliminate further proceedings upon the death of the last of the three defendant trustees, that a corporate fiduciary should be appointed as trustee for the purpose of completing the duties of the trustees; that plaintiff's prayer for removal of defendant trustees be dismissed for want of equity but that the prayer of the complaint for additional relief should be granted as recommended. No objections to the special master's report were filed. On October 17, 1958, the court entered its decree in which it approved the special master's report and ordered that the findings therein stand as its decree in the cause. The decree also contains the following recital: "It is further ordered, adjudged and decreed that the LeRoy State Bank is added as an additional trustee."

On December 29, 1958, the LeRoy State Bank filed a statement reciting therein that it refused to act as co-trustee of the Biehl trust and asked to be relieved of all duties as such and that its appointment be set aside. On January 23, 1959, plaintiff filed a motion asking that the National Bank of Bloomington be substituted as trustee in lieu of the LeRoy State Bank for the reason that the LeRoy State Bank had filed its resignation and petition to withdraw as trustee. The defendants filed objections to such motion. The record shows that on January 23, 1959, the court re-referred the cause to a special master but indicates no ruling on plaintiff's motion. On November 20, 1959, plaintiff filed her motion to set aside the re-reference order of January 23, 1959. On November 25, 1959, the court entered an order appointing the National Bank of Bloomington "co-trustee along with Clifford Biehl, Clark Biehl and Dale Biehl." The order further provided that the National Bank of Bloomington should be paid the sum of 3% of the gross annual

receipts of the trust property; that it was to handle all of the bookkeeping for the trust, make all disbursements, receive all money income and share in the active management of the trust property. The order further recites a finding by the court that the LeRoy State Bank has resigned; that the order appointing said LeRoy State Bank as co-trustee was entered by agreement of the parties and that pursuant thereto said Bank was to take active management as co-trustee immediately upon the entry of said prior order. From the above order of November 25, 1959, the defendant trustees have appealed.

The precise question presented by this record is whether the Circuit Court had power to appoint the National Bank of Bloomington as trustee in the absence of proof that a vacancy existed in that office. ■■ Plaintiff, by these proceedings sought to have the trustees removed because of an alleged failure to properly discharge their duties. If she had prevailed in her action then there would have been a vacancy in the office of trustee. In such situation and since the Will did not place the power of appointment elsewhere, a court of chancery might and should have filled the vacancy. Mullanny v. Nangle, 212 Ill. 247, 72 N. E. 385. Mason v. Bloomington Library Ass'n, 237 Ill. 442, 86 N. E. 1044, in the latter case the court said:

> "The testatrix had the power to name the trustees who should execute the trust . . . and also the power to determine the manner in which their successors should be appointed, if she saw fit. (French v. Northern Trust Co. 197 Ill. 30.) She named trustees, but failed to designate how their successors should be appointed in case of a vacancy in their trusteeships. A court of chancery had, therefore, in case said trustees resigned, failed to qualify, died or were otherwise disqualified, power to appoint trustees as their succes-

sors; but such court, unless the trustees disclaimed, should only exercise such power upon proof that a vacancy existed."

However, the Circuit Court by its order of October 17, 1958, found that plaintiff had failed to prove her charges of mismanagement against the trustees and refused to remove them, thus determining that there was no vacancy requiring the appointment of a successor. Accordingly we are constrained to hold that the Circuit Court erred in appointing the National Bank of Bloomington as trustee.

It is contended by plaintiff that defendants have waived their right to complain of the appointment of the National Bank of Bloomington because the time for an appeal from the October 17, 1958 order had expired; that said order was entered by agreement of the parties; that the order appealed from which was entered November 25, 1959 confirmed the previous order of October 17, 1958. Thus plaintiff argues that the defendants despite the fact that they filed timely objections to the appointment of the National Bank of Bloomington must be held to have agreed in effect to such appointment. In support of such contention it is pointed out that in the order appealed from the court recited findings that the order appointing the LeRoy State Bank was entered by agreement of the parties and pursuant to said order, the LeRoy State Bank was immediately to take active management as co-trustee; that the LeRoy State Bank had resigned as co-trustee and that by such order the court appointed the National Bank of Bloomington as successor co-trustee to the LeRoy State Bank. Plaintiff then suggests that the only question raised by this appeal is whether the co-trustee's active participation should commence immediately or await the death of the last life tenant. Such argument overlooks the fact

that when, on October 17, 1958, the court undertook the appointment of the LeRoy State Bank as a trustee in the Biehl trust, the trustees named by the testator were all living, and had not resigned, refused to act or otherwise been disqualified. Accordingly, the court could not have been exercising its power to fill a vacancy in the office of trustee for the simple reason that no such vacancy existed. Thus it appears that the question as to whether the appointment of the Bloomington Bank was to be effective immediately upon the death of the last trustee is of no significance. Plaintiff's suggestion that the question as to when the co-trustees active participation shall commence is involved on this appeal would seem to concede the absence at this time of any vacancy to which the National Bank of Bloomington could be appointed.

Failure of the defendants to object to the appointment of the LeRoy State Bank, cannot be held to invest the Circuit Court with authority to make such an appointment. Furthermore, the record refutes any contention that the LeRoy State Bank accepted the attempted appointment or that it ever functioned as a trustee. The instrument creating the trust made no provision for the appointment of either a co-trustee or a successor trustee and therefore the court could not appoint an active co-trustee nor could it appoint a successor to the testamentary trustees except upon a showing that a vacancy existed and an appointment was necessary to carry out the provisions of the trust instrument.

To hold otherwise would constitute recognition of power in the court to break in upon the terms of the trust by appointing a trustee and allowing compensation for its services, all of which is contrary to the expressed intention of the testator. We think no such power exists.

Upon careful examination of this record, we conclude that the power of the Circuit Court was limited to confirming the trust and that it erred in appointing the National Bank of Bloomington as co-trustee. Therefore, that portion of the order confirming the trust is affirmed and the remainder of said order is in all other respects reversed.

Affirmed in part and reversed in part.

REYNOLDS and ROETH, JJ., concur.