RICHARD DINGMAN et al.

v.

HILLARY BEALL et al.

*Opinion filed December 22, 1904.*

1. EXECUTORS AND ADMINISTRATORS—*when executor is a trustee.* Where a will devises a distinct part of the real estate to the "executor" in trust, with directions to sell the same and re-invest the proceeds in trust for specified purposes, a sale made by him in pursuance of the directions in the will is a sale in his capacity as trustee, and no bond by him is necessary to the validity of the sale where none is required by the terms of the will.

2. SAME—*section 7 of the Administration act does not apply to executor acting as trustee.* Section 7 of the Administration act, requiring an additional bond by an executor in case it becomes necessary to sell real estate, does not apply to an executor when making a sale in his capacity as trustee under a will devising to him a distinct portion of the real estate in trust, with directions to sell the same and re-invest the proceeds in trust for certain purposes.

3. TRUSTS—*when a sale need not be made within one year.* A trustee directed by the will to sell the trust estate in single tracts or *en masse,* at public or private sale, as soon after the probate of the will as he shall think best, or to lease the lands for one year and postpone the sale, in his discretion, is not obliged to make the sale within one year in order to convey a good title, as such provisions are directory.

4. SAME—*trustee bound to know effect of proposed contest of will on selling price of land.* A trustee who knows of a proposed contest of the will and that the same is a matter of public notoriety is bound to know that the selling price of the land will be depreciated thereby, and if his power of sale is not limited to any particular time and there is nothing calling for haste, it is his duty not to sell the land until he can get an adequate price.

5. SAME—*trustee not obliged to accept inadequate bid because he has advertised the sale.* A trustee having power to sell land at private or public sale, in single tracts or *en masse,* for the best price attainable, is not obliged to accept an inadequate bid by reason of the fact that he has advertised the sale and received bids therefor at the time fixed by the advertisements.

6. SAME—*when sale by trustee is a breach of trust.* A sale of land by a trustee for an inadequate price, at a time known to him to be disadvantageous, is a breach of trust, where there was no necessity for making the sale at that time.

7. EQUITY—*on demurrer to evidence the evidence most favorable to complainants must be taken as true.* Upon disposing of a chancery case upon demurrer to the evidence it is the duty of the court to take as true the evidence most favorable to complainants.

8. SAME—*when refusal to allow amendment is error.* If it is apparent no injury can be done to the defendant by allowing the complainants, before the close of the evidence, to amend their bill by introducing a material matter germane to the suit, it is error to deny leave to amend merely because previous amendments had been allowed.

WRIT OF ERROR to the Circuit Court of Macon county; the Hon. SOLON PHILBRICK, Judge, presiding.

C. C. LEFORGEE, I. A. BUCKINGHAM, and JACK & DECK, for plaintiffs in error:

An executor who is also trustee under a will cannot be considered as holding any part of the assets in the latter capacity until he has settled an account in the probate court as executor, in which he is credited, as executor, with the amount which he holds as trustee; and such account should not be allowed by the judge of probate without requiring him to give bond for the faithful performance of his duties as trustee. *In re Estate of Higgins,* 28 L. R. A. 121.

Under our statute as it now stands, where a will makes the same person executor and trustee, the executor's bond cannot be construed for the faithful performance of the duties belonging to the trustee. A separate bond should be given by the trustee. *People* v. *Huffman,* 182 Ill. 405; *Hinds* v. *Hinds,* 85 Ind. 312; Woerner on American Law of Administration, (2d ed.) sec. 260; *People* v. *Petrie,* 191 Ill. 497; 28 Am. & Eng. Ency. of Law, (2d ed.) 975; *Daggett* v. *White,* 128 Mass. 312.

The rule of *caveat emptor* applies to all judicial sales. *Tilly* v. *Bridges,* 105 Ill. 339; *Shup* v. *Calvert,* 174 id. 500; *Batchellor* v. *Korb,* 58 Neb. 122; *Leuders* v. *Thomas,* 35 Fla. 513; *Huber* v. *Hess,* 191 Ill. 305; Perry on Trusts, (5th ed.) sec. 770.

Slight irregularities, coupled with inadequacy of price, will set aside a sale. *Smith* v. *Huntoon,* 134 Ill. 24; *Bach* v. *May,* 163 id. 550; *Hamilton* v. *Quimby,* 46 id. 96; *Miller* v. *McAlister,* 197 id. 78; *Roseman* v. *Miller,* 84 id. 297.

The sale being made without giving the required bond, is void. *Batchellor* v. *Korb,* 58 Neb. 122; *Cooper* v. *Sunderland,* 3 Iowa, 114; *Leuders* v. *Thomas,* 35 Fla. 518; *Williams* v. *Morton,* 38 Me. 47; *Tracy* v. *Roberts,* 88 id. 310; *Campbell* v. *Knights,* 26 id. 224; Freeman on Void Judicial Sales, (4th ed.) sec. 22.

The burden of proof of fairness of a transaction as between trustee and *cestui que trust* is on the trustee. *James* v. *Lloyd,* 117 Ill. 597;. Perry on Trusts, sec. 428; Hill on Trustees, sec. 581.

Authority given to executors and trustees is a personal trust and must be strictly pursued, and if they transcend their authority in any essential particular their acts are void. *Ventries* v. *Smith,* 10 Pet. 173.

The trustee should inform himself of the value of the property, if necessary, by the estimate of some experienced person, and if he sells at a grossly inadequate price it is a breach of trust which affects the title in the hands of a purchaser. Perry on Trusts, (5th ed.) sec. 770.

When there is no immediate emergency it would be a breach of trust to force on the sale at a manifestly disadvantageous time. Perry on Trusts, (5th ed.) sec. 771.

The court may allow a bill to be amended on hearing. *Downey* v. *O'Donnell,* 92 Ill. 559; *Farwell* v. *Meyer,* 35 id. 40; *DeWolf* v. *Pratt,* 42 id. 198; *Thomas* v. *Coultas,* 76 id. 493.

By the demurrer to complainants' evidence the defendants must stand upon the evidence adduced by complainants alone. They cannot, in support of the demurrer, have the benefit of any evidence in their favor produced by a cross-examination of complainants or their witnesses. *Pratt* v. *Stone,* 10 Ill. App. 633.

It is the duty of a court of equity to supervise, protect and preserve the parties from all fraud, unfairness and imposition. *Coffey* v. *Coffey,* 16 Ill. 141.

Amendments of hearing are favored by the courts. *American Bible Society* v. *Price,* 115 Ill. 623.

NELSON & WHITLEY, MILLS BROS., and REDMON & HOGAN, for defendants in error:

Where the will provides for a sale by the executor with the power to re-invest and for the sole purpose of re-investment, execution of the power of sale is not the discharge of a duty as executor but of a duty as trustee. *People* v. *Huffman,* 182 Ill. 403; *Gammon* v. *Gammon,* 153 id. 41.

Where a person acts in the dual capacity of executor and trustee it is as if two persons had been appointed to the two offices, and when real estate is given to a person in trust by a will and the same person is also appointed executor he will take the land as devisee from the death of the testator, although the trust is to sell, and he will have nothing to do with the real estate as executor. See Hill on Trustees, (3d Am. ed.) 238.

Where lands are sold for an inadequate price, that, of itself, is not sufficient cause to set aside the sale unless it is so grossly inadequate as to establish fraud. Such sales will not be disturbed, even though the lands were worth one hundred per cent more than the sum actually bid for them and for which they were sold. *Comstock* v. *Purple,* 49 Ill. 159; *Heberer* v. *Heberer,* 67 id. 254; *Connely* v. *Rue,* 148 id. 207.

A re-sale will not be ordered unless it has been shown that there has been fraud or misconduct in the purchaser or in the officer conducting the sale or other person connected therewith, or unless it is made to appear that the party interested has been surprised, or led into mistake by the conduct of the purchaser, officer or other person connected with the sale. *Barling* v. *Peters,* 134 Ill. 606; *Wilson* v. *Ford,* 190 id. 614.

Public policy requires that there should be stability in judicial sales and that they should not be disturbed for slight causes. *Conover* v. *Musgrave,* 68 Ill. 58; *Quigley* v. *Breckenridge,* 180 id. 636.

The granting or refusing leave to amend a bill in chancery after the hearing and before a final decision, being purely a matter of discretion, cannot be assigned for error. *Hoyt* v. *Tuxbury,* 70 Ill. 331.

Mr. CHIEF JUSTICE RICKS delivered the opinion of the court:

This is a bill filed in the circuit court of Macon county by a portion of the heirs of James Dingman, deceased, to set aside a certain sale, made by the executor or trustee appointed by the will of James Dingman, of certain real estate under the terms of the will.

James Dingman died testate on August 14, 1900, and at the time of his death left surviving him his widow, six children and twenty-five grandchildren, all of whom are parties to this suit, either as complainants or defendants. It appears from the evidence that at the time of his death he was the owner of about one thousand acres of land. The will was dated June 16, 1897, and three codicils were afterwards made, one dated June 16, 1898, the second dated September 1, 1899, and the third November 23, 1899. By his will all of the real estate except about three hundred and twenty acres was disposed of among his heirs. This three hundred and twenty acres not specifically devised was placed in trust under the following conditions:

"*Seventeenth*—To the executor of this my will, hereinafter nominated, and to his properly appointed successor and successors in trust, I give and devise in fee simple all the lands not herein specifically devised of which I may die seized and possessed, in trust, nevertheless, for the uses and purposes hereinafter declared and set forth, and none other; and I hereby give and bequeath to said executor and his successors

in trust all of my personal estate of every description not hereinbefore specifically bequeathed, in trust, nevertheless, for the uses and purposes hereinafter declared and set forth, and none other.

"*Eighteenth*—As soon after the probate of this will my said executor or his successor in trust shall in his discretion, from time to time, in parcels or as a whole at one time, sell the land devised in item 17 of this will upon best terms and for best price reasonably attainable, but not for less than one-third of purchase price to be paid in hand and the remainder on credit not exceeding five years, to be secured by note of purchaser and first mortgage on premises, with interest at six per cent per annum, payable annually, the whole to become due and payable upon default in payment of any interest. Such sale may be either public or private, in the discretion of said executor. Said executor is hereby fully empowered to make conveyance of said lands by deed or deeds, and may in his discretion postpone sale and lease said lands for a term not exceeding one year.

"*Nineteenth*—The funds, principal and interest, from sale of lands, and rents, if any, and personalty, shall constitute a common fund, which said executor shall keep at the best attainable rate of lawful interest, upon real estate first mortgage or invested in bonds of the cities and counties of the State of Illinois or of said State or the United States of America, however always selecting loan or investment at best rate of lawful interest on best available security. Said executor shall collect said interest annually, and upon collection annually divide said interest into eight parts, should my said wife at such time be in life, and pay one equal part to each my said wife and my said sons and daughters."

On September 13, 1900, William J. Lawton was by the county court of Macon county duly appointed executor of said will and qualified as such, and executed a bond in the sum of $12,000 as executor, conditioned for the faithful performance of his duties as such. No other bond was ever

given by Lawton in connection with the estate. It appears that on the 28th day of March, 1901, the said William J. Lawton, after giving thirty days' notice, sold the land devised to him in trust, at public auction, to Hillary Beall and John F. Beall, who are also made defendants to this suit, they being the highest bidders, for the sum of $7400.

Three amendments to the bill were filed, the first one on February 19, 1903, and a second on October 27, 1903. A third amendment was made on December 11, 1903. The second amendment was demurred to and the demurrer sustained. The cause was tried in January, 1904, and near the close of complainants' testimony they again asked leave to amend their bill, which was refused by the court. At the close of complainants' evidence the defendants demurred to the same. The court sustained the demurrer and rendered a decree dismissing complainants' bill, and this writ of error is prosecuted from said decree dismissing the bill.

Numerous errors are alleged, part, only, of which have been argued by the respective parties.

The first alleged error argued by plaintiffs in error is, that Lawton sold the land, under the provisions of the will, as executor, and not having given a bond for the faithful performance of the sale the same was void; and that even if the sale was made as trustee, unless an additional bond was given the sale was void, and therefore the demurrer should have been overruled.

We are of the opinion that this sale was made as it should have been, by the trustee. While it is a question, sometimes, where the trustee is also the executor, when the title ceases to be in the executor, as such, and title as trustee begins, yet where there is a separate and distinct part of the estate set apart in trust, as was done in this case, we see no good reason why the trustee could not act in the dual capacity of executor and trustee, holding the personalty as executor and the real estate devised to the trustee, and the proceeds of the sale of the same, in the capacity of trustee, the same as if two

separate and distinct persons had been appointed. At common law, executors, as executors, had no estate in or power over the real estate of their testator, and if an executor has any power, right or interest in respect to the real estate, it must be by virtue of some statute or of the provisions of the will itself. (*Gammon* v. *Gammon,* 153 Ill. 41.) And while the word "executor" is used in the clauses of the will where directions are made for the sale of the property, the directions, as given, were for the purpose of disposing of a trust estate separate from any other part of the estate, the fee being willed to Lawton in trust, and it was his duty, as trustee, to take charge of the same upon the death of the testator and carry out the trust imposed upon him independently of his duties as executor, and the acts of the trustee need not be void simply because another title is given him other than that of trustee. The sale having been made by the trustee as provided for by the will, cannot be held to be void because no bond as trustee was given, as no bond was required by the will and none is required by the statute.

We are of the opinion that section 7 of the statute on administration (chap. 3) has no application, as this section only applies to administration of estates. And further, county and probate courts have no jurisdiction over trust estates and trustees, they coming under the jurisdiction of a court of chancery, and for this reason it cannot be held the above section of the statute applies to trustees handling trust property.

But the testator, by his will, set aside the lands in controversy for the purpose of creating a special trust fund that should be held for the benefit of his wife and children during their lives, but which, by section 20 of the will, is directed ultimately to rest in his grandchildren. The direction to sell is for re-investment in mortgage security or municipal bonds. The trustee is directed to sell at the best price reasonably attainable, and is not required to make the sale at any particular or stated time. He was authorized to sell in single tracts or *en masse,* and the direction as to time is as soon

after the proof of the will as in his discretion is deemed proper, with power to lease the lands for a year and a postponement of the sale, in his discretion, and to make the sale either public or private. Under these provisions the trustee is not limited to a specific time nor is he required to make the sale within a year. Provisions, such as are contained in this will, as to the time of sale are held to be directory, only, and the sale and good title could be made after the lapse of one year. (Perry on Trusts, sec. 490, p. 771; *Pierce* v. *Gardner,* 10 Hare, 287; *Smith* v. *Kinney,* 33 Tex. 283.) As the purpose was re-investment for the creation of what may be termed a permanent fund, there was nothing in the purpose or object of the sale calling for haste.

The trustee had been advised that the will under which he was acting would be contested, and also knew that the proposed contest was of public notoriety. Knowing, then, these matters, he must, as a reasonable man, be held to have known that such proposed contest, and the publicity thereof, would necessarily, or at least reasonably, depreciate the market value of the lands, whether sold at public or private sale, until such dispute or contest was terminated. The trustee also knew that any contest of the will must be had within two years from its probate, and as he was executor as well as trustee his relation to the heirs of the testator was such, his information as to the proposed contest being derived from them directly, that he must also have reasonably known that the beginning of the contest would not be postponed until the expiration of the time allowed by statute to bring it, and the bill shows that the contest was, in fact, begun very shortly after the sale. It was the duty of the trustee to sell the land for the best price attainable, and it was his duty to not sell the land, when there was nothing calling for haste, at a time when he knew it would not bring what it was reasonably worth, but that its sale value would be affected by the threatened contest. Under such conditions he must have known that the land would only bring such a price as a buyer was

willing to pay, taking into consideration the hazard of losing the benefit of his purchase as the result of the contest. It must be further borne in mind that although Lawton advertised the land and received bids therefor at the time fixed by the advertisement, he was still under no obligation to make the sale. It was not a judgment sale, but was the sale of the trustee, and the fact that he made advertisement of the sale and proposed to make it public did not change its character or make it other than his sale as trustee, nor require him to accept what he knew to be an inadequate bid.

Upon the question of the inadequacy of price the witnesses varied. The time of the sale was taken as the measure, and the trustee fixed the value at $9900 while most of the witnesses fixed the value at from $10,500 to $14,000, one witness placing it as high as $16,090. The case was disposed of upon a demurrer to the evidence, and it was the duty of the court, in considering the demurrer, to take as true that evidence most favorable to complainants. If that be done, then the record shows the land did not sell for half its value. With such glaring inadequacy in the price, if the sale, for that reason alone, should not be held a fraud upon the *cestuis que trust,* it at least calls for great scrutiny upon the part of the court of the acts of the trustee in making the sale. Before the sale the trustee had been offered $8640 for the land, and the party who made the offer testified that he regarded the land then worth $12,000. The witnesses who testified as to value were residents in the vicinity of the lands. It was the duty of the trustee to inform himself of the value of the property, and if he had gone among these witnesses and made inquiry it cannot be presumed that he would have failed to receive such information as would have prompted him to withdraw the property from sale when the bids made therefor were so disproportionate to its value. It has been held a breach of trust to sell property at a disadvantageous time when there is no immediate necessity for such sale. (Perry on Trusts, sec. 771, and authorities under note 5.)

Here there was no emergency. The time was manifestly disadvantageous and the fact known to the trustee.

Before the close of the evidence for the complainants a motion was made upon their behalf to amend the bill. The proposed amendment alleged that on a certain forty acres of land in controversy there was a cemetery, fenced, and containing from six to ten acres; that about two and one-half acres of said cemetery tract had been deeded by the testator in his lifetime and that the balance of said cemetery tract belonged to the testator at the time of his death; that at the time of the sale the trustee announced that the cemetery was reserved from the sale, and like announcement was made in the public announcement of the sale, and that the trustee, in fraud of the rights of complainants and other heirs, legatees and devisees of the late testator, conveyed to the Bealls the said cemetery tract in addition to the lands offered and sold to them. There was evidence in the record supporting these allegations. Defendants in error did not offer any evidence in the case, and if the allegations of this proposed amendment were true, a fraud was perpetrated upon those interested in this land, which was a part of the trust estate. The subject matter before the court was a controversy relating to a trust, which it is the special province of a court of equity to guard and enforce, and while it is true that the allowing of amendments must be, and is generally, largely committed to the discretion of the court, yet where it is apparent, as in the record before us, no injury can be done the opposing party by allowing the amendment and where the matter proposed to be introduced by the amendment is of a material character and germane to the suit, the court will not be warranted in denying leave to amend simply because previous amendments have been allowed, and the action of the court in such case is open to review upon error. We think the amendment should have been allowed, and that, taking into consideration the disadvantageous time at which a sale was made, the inadequacy of the price and the manifest

wrong shown by the proposed amendment, which would all be considered together in the final determination of the case, the failure to allow the amendment was such an error as should work a reversal of the decree.

The decree will be reversed and the cause remanded to the circuit court of Macon county, with directions to allow the amendment to the bill offered, and for such further proceeding as to law and justice shall appertain.

*Reversed and remanded, with directions.*