(No. 14507.—Reversed and remanded.)

CLAYTON N. TEATER, Appellant, vs. JEWELL S. SALANDER, Exr. Appellee.

*Opinion filed October 21, 1922.*

1. WILLS—*when devise is of personalty under doctrine of conversion.* Where a testatrix directs her executor to sell her real estate whenever he thinks it is best for the interest of the estate and distribute the proceeds equally between her son and daughter, the devise is of personalty by reason of the doctrine of equitable conversion, although the executor delays exercising his power of sale for nearly three years after the testatrix's death.

2. SAME—*when provision directing executor to sell real estate should be construed.* Where a testatrix directs her executor to sell her real estate and distribute the proceeds to her son and daughter but gives the executor the right to exercise his judgment as to when the sale shall take place, the executor cannot refuse to sell for an indefinite time without a valid reason for such refusal, and in the absence of any showing to explain a delay of nearly three years in carrying out the exercise of the power, the court should, on the application of an interested party, construe the will and give directions pertaining to such sale.

3. SAME—*executor must carry out power of sale in reasonable time.* Where the direction to an executor to sell and convert real estate into personal property is explicit it becomes his duty to follow such direction, and where no time of sale is fixed but the executor is directed to sell when he thinks it best for the estate, the executor must exercise the power within a reasonable time, which depends upon the circumstances showing what is to the best interest of the estate.

4. SAME—*an executor must settle estate as required by law—accounting.* An executor, who is also trustee under the will, should, as required by law, close his account with the county court as executor and turn over to himself, as trustee, any proceeds that remain after the approval of his final report, and where he continues indefinitely as executor and proceeds continue to come into his hands as trustee he may be compelled in equity to render an accounting.

5. SAME—*court will appoint trustee selected by will if competent.* The desire of a testator or testatrix for the appointment of a trustee, as expressed in the will, will be observed although the person selected by the will is not one whom the court would

have appointed; and where such trustee is required to give a sufficient bond, a court of equity will not interfere to appoint another trustee unless there is a real or threatened diversion of trust funds or property, or of mismanagement, incompetence or dishonesty.

APPEAL from the Circuit Court of Christian county; the Hon. WILLIAM B. WRIGHT, Judge, presiding.

LESLIE J. TAYLOR, for appellant.

McBRIDE & VOGELSANG, for appellee.

Mr. JUSTICE STONE delivered the opinion of the court:

Sarah E. Salander died November 3, 1918, leaving a last will and testament. She was survived by a daughter, Zinna Teater, and appellee, Jewell S. Salander, as her only heirs-at-law. Her will was probated on the 7th day of April, 1919. After providing for the payment of debts and minor legacies it contains the following provisions:

"*Fourth*—It is my will and desire that my son, Jewell S. Salander, and my daughter, Zinna Teater, take all my household goods and divide the same in such manner as they may see fit and as near equal as they can.

"*Fifth*—It is my will and desire that my executor hereinafter named, at such times as he may deem best, sell at either public or private sale all that part of my household goods which shall not have been divided as provided for herein above.

"*Sixth*—It is my will and desire that my executor hereinafter named shall sell at public vendue, or, if he shall deem best, at private sale, all the real estate that I may own at the time of my death, at such times as he may think best for the interest of my estate, hereby giving my said executor full power and authority to make, execute and deliver deeds for the same, and requiring him to account for the proceeds of the sale of said real estate, together with all of the personal property which I may own at the time of my death, except that which is specifically devised here-

in, and divide the same by first paying to my son, Jewell S. Salander, the sum of $300, and next paying to my brother, Amasa Skiles, the sum of $300, and the remainder to be divided in two equal parts, one-half of said remainder to go to my said son, Jewell S. Salander, as his absolute property, the other one-half of the proceeds remaining, I give, devise and bequeath to my trustee and executor hereinafter named, to be held by him and loaned out at the best possible advantage, and the next income to be derived therefrom to be paid to my daughter, Zinna Teaters, annually, or oftener if he shall see fit, and at the death of Clayton Teaters, husband of my said daughter, Zinna Teaters, it is my will and desire that said executor and trustee shall immediately pay to my said daughter, Zinna Teaters, the entire proceeds and principal of said fund so held in trust by him, as provided for herein, the same to be her absolute property.

"*Seventh*—And in case of the death of my said daughter, Zinna Teaters, prior to the death of her said husband, Clayton Teaters, then it is my will and desire that my said executor and trustee shall pay to the heirs of the body of my said daughter, Zinna Teaters, annually, or oftener, as he shall see fit, the net proceeds from the sum so held in trust by him, and at the death of the said Clayton Teaters, then the principal of the said trust fund, together with all accumulations therefrom, shall be turned over to the said heirs of the body of the said Zinna Teaters, to be it or their absolute property forever.

"*Eighth*—It is my will and desire that the four children of my deceased son, Guy F. Salander, and the three children of my deceased daughter, Lelah Brooks, receive nothing out of my estate.

"*Lastly*—I hereby nominate and appoint my son, Jewell S. Salander, executor and trustee of this my last will and testament, and in case of the death or inability of the said Jewell S. Salander to act as such executor and trustee, I

hereby authorize the county judge of the county of Christian, and State of Illinois, to appoint some worthy person as executor and trustee of this my last will and testament, giving to the said appointee the same power as heretofore granted and given to my said son, Jewell S. Salander."

About six weeks after the death of the testatrix, her daughter, Zinna Teater, died, leaving her surviving her husband, Clayton N. Teater, the appellant, and Derward Teater, her son and only heir-at-law. After the death of the testatrix appellee took the will to the office of the probate clerk, but it appears that the same was not admitted to probate for a period of about four months thereafter. On March 1, 1921, appellee filed his petition in the circuit court of Christian county for appointment as trustee under the will, setting out that he had been nominated to so act by the will. A few days thereafter, appellant, as guardian of Derward Teater, and in his own behalf, filed a bill to construe the will and for the appointment of a trustee other than appellee. The two causes were consolidated and appellant's bill was dismissed for want of equity and the chancellor appointed appellee trustee. From the decree appellant has appealed to this court.

The testatrix left personal property of the value of approximately $8000 and two farms of 160 acres each, located in Macon county, Kansas, valued at approximately $24,000. She also owned a homestead in the city of Taylorville, Illinois, which appellee claims to have purchased from her prior to her death but which appellant contends belongs to her estate.

Appellee, at the time he filed his petition for appointment as trustee, filed an executor's report in the probate court of cash receipts, amounts paid out, etc., showing a balance on hand of $5495.23. He stated in this report that he was authorized and directed by the will to sell the real estate in the State of Kansas, but owing to conditions he had not deemed it advisable or best to sell the same.

Appellant objects to the decree of the circuit court, assigning various reasons not arising on his bill, but in addition urges that the chancellor should have construed the will for the reason that it is ambiguous as to what interest the trustee takes in the Kansas real estate; that the trustee should be required to make an accounting, and that the chancellor should have determined the power of the trustee under the direction to sell the real estate. It is also contended that it was error to appoint appellee as trustee because of his hostility toward Derward Teater and appellant, his guardian, and for the further reason that he is not a suitable or competent person to act as trustee.

The sixth clause of the will provides that the executor named shall sell at private or public sale all of the real estate of the testatrix "at such times as he may think best for the interest of my estate." This clause gave full power and authority to make and deliver deeds and required an accounting of the proceeds. It also provides that one-half of the proceeds remaining after certain payments therein provided for is to go to the appellee as his absolute property and the other one-half to him as trustee, to be held by him and loaned out and the net income to be paid to the daughter, Zinna Teater, during the lifetime of her husband, Clayton N. Teater, and on his death the fund to be turned over to Zinna as her absolute property. The seventh clause provides that in case of the death of the daughter prior to the death of her husband the trustee shall pay the income from the fund to the heirs of the body of Zinna annually, or oftener if he shall see fit, and upon the death of Clayton N. Teater the fund is to be turned over to the heirs of the body of Zinna, to be their absolute property.

Under the doctrine of equitable conversion long recognized in this State, the devise by the sixth clause of the will was a devise of personalty by reason of the direction that the real estate be converted into cash. (*Burke* v. *Burke*, 259 Ill. 262; *English* v. *Cooper*, 183 id. 203; *Glover*

*v. Condell,* 163 id. 566; *Crerar* v. *Williams,* 145 id. 625.)
Although the testatrix died in November, 1918, the report
of the appellee as executor, filed March 21, 1921, stated
that he had not considered it best to sell the real estate up
to that time, and so far as the record shows he has made
no effort to sell it, although it is well known that the period
that elapsed was one of high prices in real estate. In his
report as executor he gives no reason for not having sold
or attempted to sell the real estate, other than he did not
consider it for the best interest of the estate. It appears,
also, that up to that time he had made no payments of any
income either to Zinna Teater, the daughter of the testatrix,
or to Derward Teater, Zinna's son, after her death, although
the record does show that he made a report of accumula-
tions, and paid to appellant, as guardian, $567.90, some time
after the filing of appellant's bill herein. The will gave no
direction as to when the land should be sold and the court
should have construed that provision in it. While the ap-
pellee is given the right to exercise his judgment as to when
the sale should take place, the direction to sell is positive,
and he does not have the right to determine whether or
not it shall be sold at all; nor has he any right, merely un-
der the pretense of exercising the discretion vested in him,
without a valid reason therefor, to refuse to sell for an in-
definite period of time. It is evident from a reading of the
provisions of the will that the testatrix intended that her
real estate should be sold and one-half of the residue be-
come a trust fund for the benefit of the daughter and later
for the benefit of the heirs of her body. Nowhere in the
will is there any direction that he shall continue to rent
the farms longer than necessary in order to procure an
advantageous sale. Where the direction to an executor to
sell and convert real estate into personal property is explicit
it becomes his duty to follow such direction. (*Lash* v.
*Lash,* 209 Ill. 595; *Greenwood* v. *Greenwood,* 178 id. 387.)
While no time for the sale was fixed by the terms of the

will, it was undoubtedly the intention of the testatrix that
the sale be made as soon as it could be done consistently
with the best interest of the estate. It is well established
that where positive directions are given to do an act but
no time is fixed in which the same shall be performed, it is
incumbent upon the donee of the power to exercise the same
within a reasonable time. What is a reasonable time de-
pends, of course, upon the circumstances showing what is
to the best interest of the estate, (*Dingman* v. *Beall,* 213 Ill.
238,) but in the absence of any showing on the part of the
appellee as to why he delayed carrying out the exercise of
his power for a period of more than two and a half years,
we are of the opinion that it was error on the part of the
court to refuse to give directions pertaining to such sale.

Appellant also urges that he is entitled to an account-
ing. It was the duty of the executor to settle the estate
as required by law. As soon as the debts were all paid he
should have closed his account with the county court as ex-
ecutor and turned over to himself, as trustee, any proceeds
that remained after the approval of his final report by the
court. (*Wylie* v. *Bushnell,* 277 Ill. 484.) Appellee did
not close the estate in the county court. The circuit court
did not have power, under this bill, to compel him to do so.
This does not give him a right, however, by continuing in-
definitely as executor, to thereby avoid the necessity of ac-
counting for proceeds coming into his hands as trustee. The
chancellor should have required an accounting.

It is also contended that an unequal division was made
of the household property by appellee for himself and Zinna
Teater, the daughter of the testatrix. This is not a matter
arising on a bill to construe a will but is amply provided for
by the law relating to the administration of estates. The
same is true of the contention of appellant that appellee is
wrongfully withholding from the inventory filed in the pro-
bate court the homestead occupied by the testatrix during
her lifetime in the city of Taylorville.

Appellant argues, however, that these acts on the part of the appellee, together with the fact that he has rented the Kansas land at an improvidently low figure, show that he is not a competent person to act as trustee. The rule is that the desire of the testator for the appointment of a trustee will be observed although the person whom he sees fit to appoint is not one whom the court would appoint if the appointment were to be made by it in the first instance. (*Lorenz* v. *Weller,* 267 Ill. 230.) In *Wylie* v. *Bushnell, supra,* this court said: "Generally speaking, it is only in case of a real or threatened diversion of the trust funds or property, or of mismanagement, incompetence or dishonesty, that a court may interfere to remove the regularly appointed trustee. The court will not always remove a trustee for error or misjudgment in some special transaction. There must be such gross negligence or mismanagement as to evidence a want either of capacity or fidelity putting the trust in jeopardy. The question whether trustees appointed by a will or deed will be removed for neglect of duty or breach of trust must necessarily be addressed to the sound discretion of the court, whose determination must depend largely upon the circumstances of each particular case. If the trustee has acted honestly and in good faith, though the keeping of his books is decidedly unbusinesslike and careless, it does not necessarily require his removal." Moreover, the appellee in this case was required to give bond in the sum of $10,000, and appellant has his remedy against any improvidence on appellee's part in the administration of the trust. We are of the opinion that under the evidence in this case the chancellor did not err in appointing the appellee as trustee.

So far as the interest of the minor, Derward Teater, is concerned, there is no ambiguity in the will requiring its construction in order that it be carried out as to him, and the court did not err in refusing to construe that portion of the will.

For the error in refusing to construe the will as relates to the power of sale given to the appellee as trustee, and as to an accounting, the decree is reversed and the cause remanded, with directions to the circuit court to enter a decree construing the will in accordance with the views herein expressed and for an accounting and continuing jurisdiction for the purpose of administering the trust.

*Reversed and remanded, with directions.*