**Louis D. Glanz, Plaintiff below, Appellee, v. Bernard Taken et al., Defendants below, Appellees. Eleanor Ritz et al., Appellants.**

**Gen. No. 39,440.**

Opinion filed December 15, 1937. Rehearing denied December 28, 1937.

MARSTON, FRIEDLUND & FRIEDLUND, of Chicago, for appellants; EMIL N. LEVIN, of Chicago, of counsel.

A. Henry Goldstein and Shulman, Shulman & Abrams, both of Chicago, for appellee; Meyer Abrams, of counsel.

Mr. Justice Hall delivered the opinion of the court.

This is an appeal by Edwin L. Read, Paul C. Mellander, Charles Wadsworth and Louis D. Glanz, as a bondholders' protective committee, and Eleanor Ritz, purchaser at a master's sale, held in a foreclosure proceeding, from the following order of the superior court of Cook county, entered on January 24, 1937:

"This cause having heretofore come on to be heard upon the progress call of this court for the approval of the Report of Sale and Distribution of Harry Smitz, Master in Chancery, and upon petitions of Edwin L. Read, Paul C. Mellander, Charles Wadsworth and Louis D. Glanz, and having heretofore been continued to this date, and it having been represented to the court by counsel for the owner of the equity of redemption that upon a resale of the premises involved herein, said premises would bring a sum of not less than $14,000.00 and one Joseph Homan having agreed to deposit with said Harry Smitz, Master in Chancery, the sum of $1,000.00 as earnest money to insure a bid of not less than $14,000.00 upon a resale of said premises,

"It Is Theretofore Ordered, Adjudged And Decreed that the sale and the Report of Sale of Harry Smitz, Master in Chancery, be and the same is hereby disapproved and said Master is authorized and directed to proceed to a resale of said premises,

"It Is Further Ordered that Joseph Homan forthwith deposit the sum of $1,000.00 with said Master in Chancery as earnest money to insure a bid of not less than $14,000.00 upon said resale and that in the event said premises bring the sum of $14,000.00 or more upon said resale, the said Master in Chancery shall forth-

with return the said sum of $1,000.00 to him. In event, upon resale of premises, the mortgaged property is not sold for $14,000.00 or more, said earnest money for $1,000.00 shall be forfeited and distributed by Master in Chancery to first mortgage bondholders.''

It is to be noted that the order was entered upon the sole ground, as found by the court, that it had been represented to the court by counsel for the owner of the equity of redemption, that upon a resale of the premises involved, such premises would bring a sum of not less than $14,000, and that one Joseph Homan had agreed to deposit with Harry Smitz, master in chancery, the sum of $1,000 as earnest money, to insure a bid of not less than $14,000 upon a resale of the premises.

The foreclosure decree in which the sale was made was entered on September 22, 1932. It was in the usual form and found that the principal sum of $62,500 secured by mortgage on the premises involved, was due and unpaid, together with interest fees and costs of suit. The decree further provided that unless the indebtedness be paid within three days, the master should sell the mortgaged premises, or so much thereof as might be necessary to satisfy the indebtedness; that the master should give public notice of the time, place and terms of the sale by advertising, and that the complainant, or any bondholder or group of bondholders, might become the purchaser or purchasers at such sale, and that the master should issue a certificate of sale, as required by law, and report such sale to the court, together with a statement as to the distribution of the proceeds, and his acts and doings in connection therewith. The decree of sale further provided that the court should retain jurisdiction for various purposes, including the right to determine all controversies between two or more persons claiming to be bondholders.

The record indicates, as shown by the master's report presented to the court on November 11, 1936, that on September 17, 1935, the master offered the mortgaged property for sale in accordance with the terms of the decree, and that no offer being made for any part less than the whole and Eleanor Ritz having bid the sum of $12,000 for the property this sum being the highest and best bid offered, the master struck off and sold the mortgaged premises described to Eleanor Ritz. The record further indicates that thereafter on January 4, 1937, an appraisal made by the Chicago Real Estate Board was filed, indicating that the property as of October 23, 1936, was valued at $39,212. Why this appraisal was filed, we are unable to understand, because there is no indication in the record that any objections were made to the sale, or report of sale. This order for the appraisal was entered on November 11, 1936, *the date on which the master's report was presented to the court for confirmation.* Thereafter, a bondholders' protective committee, consisting of Edwin L. Read, Paul C. Mellander, Charles Wadsworth and Louis D. Glanz, by leave of court, filed an intervening petition, in which it is represented that this bondholders' committee was constituted under an agreement dated September 29, 1930. The abstract states that a copy of the agreement was attached to the petition. In this intervening petition, it is alleged that the committee "are the owners and holders of bonds aggregating $39,500 of outstanding issue of $62,500; that the mortaged premises are subject to unpaid general and special taxes of $13,000; that Eleanor Ritz, the purchaser at the Master's sale, made bid as agent for and nominee of the committee; that the committee offers and agrees to release all persons personally liable on any deficiency for the pro rata share of such deficiency due petitioners as the owners of $39,500 in bonds; that on

the Master's sale no objection was made by any person or persons as to the amount of the bid or the manner in which the sale was conducted, and the prayer is that the sale and the report of sale of Harry Smitz, Master in Chancery, be approved and confirmed and that the Master be directed to make distribution in accordance with the terms of sale and decree.'' None of these representations are denied, and it was not suggested that the report of the master should have been passed upon sooner.

As already stated, the only reason the court gave for disapproving the master's report of sale and directing a resale of the premises, was that it had ''been represented to the court by counsel for the owner of the equity of redemption that upon a resale of the premises involved herein, said premises would bring not less than $14,000.00.'' There is nothing in the record to indicate that any other question was raised.

In *Chicago Title & Trust Co. v. Robin,* 361 Ill. 261, the Supreme Court said: ''Public policy and the interests of debtors require that stability be given to judicial sales, and they should not be disturbed unless there has been some fraud, mistake or violation of duty by the officer making the sale or by the purchaser, none of which is shown here. Mere inadequacy of price, alone, is not cause for setting aside a judicial sale. *Worden v. Rayburn,* 313 Ill. 495; *Skakel v. Cycle Trade Pub. Co.,* 237 id. 482.''

There is no showing that there was any fraud or mistake.

We are of the opinion that the court was in error in entering the order appealed from. It is, therefore, ordered that the orders of the superior court of Cook county disapproving the master's sale, the master's report of sale, and directing a resale, be and the same are hereby reversed.

*Reversed.*

HEBEL, P. J., and DENIS E. SULLIVAN, J., concur.