L. M. Davison, As Successor Trustee, Appellee, v. Peter D. Krejci et al. Universal Acceptance Corporation, Appellant.

Gen. No. 41,260.

Opinion filed December 23, 1940.

ELA, GROVER & MARCH, of Chicago, for appellant;
LYLE H. ROSSITER, of Chicago, of counsel.

GUSTAV E. BEERLY, of Chicago, for appellee; JOHN
F. DIFFENDERFFER, JR., of Chicago, of counsel.

MR. JUSTICE MATCHETT delivered the opinion of the
court.

In an action brought by the successor trustee to fore-
close a trust deed given to secure an issue of bonds, a
decree was entered finding there was due to complain-
ant for its own use $1,745, which was a first lien on the
premises; that there was due to holders of coupon
No. 6, $1,040.18, which was a second lien, and to hold-
ers of bonds Nos. 3 to 48, $35,857.27, which was a third
lien. The decree also found there was due to the Uni-

versal Acceptance Corporation $7,700, secured by a junior trust deed which was subordinate to the liens of the trust deed foreclosed.

The decree directed in case payment should not be made within three days, the master should sell the premises after advertising as required by law. The master advertised the sale for June 20, 1939. Maurice J. Costello bid the sum of $2,000, which was the highest and best bid. The amount was sufficient to satisfy the first lien, pay the second lien holders a little more than 13 cents on the dollar, leaving a deficiency of $905.42, and leaving nothing to apply on the bonds upon which, at the time of the report, $36,133.18 was due. There was, of course, nothing to apply on the indebtedness secured by the junior trust deed, the lien of which had been found subordinate. The amount due, at the time of the report, to the Universal Acceptance Corporation amounted to $12,296.86.

The master so reported but did not file the report of sale until July 11, when on petition of the Corporation he was ordered to do so instanter. On July 13, the successor trustee filed objections to the report. On January 26, 1940, the chancellor sustained these objections and ordered that the premises be readvertised and resold by the master within 90 days. On February 19, 1940, the Corporation gave notice of appeal from the orders of July 18, 1939, and from the order of January 26, 1940. It asks this court to order confirmation of the master's report of sale of July 11, 1939, to overrule complainant's objections thereto and reverse the order of January 26, 1940, or reverse and remand the cause with directions to the circuit court to enter substantially similar orders.

It is contended by the Corporation in the first place that judicial sales, even before approval thereof by the court, cannot be set aside in the absence of a showing of inadequacy of price. To this proposition defendant cites *Chicago City Bank & Trust Co. v. Johnson*, 293

Ill. App. 564; *Rader v. Bussey,* 313 Ill. 226, 231; *Glanz v. Taken,* 293 Ill. App. 74. In *City Nat. Bank & Trust Co. v. O'Keefe,* 294 Ill. App. 56, this court pointed out the lack of uniformity in the decisions prior to *Straus v. Anderson,* 366 Ill. 426; *Levy v. Broadway-Carmen Bldg. Corp.,* 366 Ill. 279, and *First Nat. Bank of Chicago v. Bryn Mawr Beach Bldg. Corp.,* 365 Ill. 409. These cases recognize a distinction between executed and unexecuted sales and hold that in the cases where the sales are unexecuted the court may in its discretion refuse to approve a sale merely because of inadequate price. The cases of *Chicago City Bank & Trust Co. v. Johnson* and *Rader v. Bussey,* involved the setting aside of executed sales and, therefore, are distinguishable on that ground. In *Glanz v. Taken,* the court considered an unexecuted sale but the opinion indicates that the decisions of the Supreme Court classifying sales with reference to whether they were executed or unexecuted were not given consideration by the court. We hold the rule to be that upon unexecuted sales (that is, where the sale as reported by the master has not been confirmed by the court), mere inadequacy of price may in the discretion of the court justify the entry of an order refusing to confirm the sale.

The Corporation does not contend this is not the rule but urges that there must be a showing of inadequacy of price and seems to contend that this can only appear from the taking of evidence. This is not necessarily true. In the instant case there were many things in the record from which the court might in its discretion and without taking evidence draw the inference that the price was inadequate. In the first place, the master was offered a price three times as high as that offered when the master· sold. It is difficult to conceive of much better proof of inadequacy of price. In the second place, the record shows that the trust deed foreclosed secured an indebtedness of $24,000; that $35,857.27 was due to the bondholders on

account of this indebtedness, and that the premises were sold for a price which would not leave anything whatever to apply on this indebtedness. We are quite at a loss to understand how further opinion evidence as to the market value of the premises could have given to the court more accurate information. The cases are all to the effect that it is the duty of the trustee to secure the highest possible bid in order that the debt may be satisfied as far as possible.

The cases also are all to the effect that a sale made by a master on foreclosure until the same is approved by the court is nothing more than an offer which may be approved or disapproved by the court. We hold that the court did not err under the circumstances here appearing in refusing to take oral opinion evidence on the inadequacy of price.

It is suggested by the Corporation that the successor trustee was negligent in not bidding at the sale, and it is said the court ought not to have relieved him of the effects of his negligence. It is not contended that the trust deed gave the trustee authority to bid at the sale, and in the absence of such a provision the Supreme Court has held he is without authority so to do. *Chicago Title & Trust Co. v. Bamburg*, 361 Ill. 291; *Chicago Title & Trust Co. v. Robin*, 361 Ill. 261; *Straus v. Anderson*, 366 Ill. 426.

The Corporation points out that under the statute it had a right of redemption, and that it is damaged by the sale at the higher price by the additional amount which it will be required to pay in order to redeem. All this is true, but the lien of the Corporation is inferior and subordinate to that of the owners of the indebtedness secured by the trust deed foreclosed. The Corporation presents a novel contention which, we think, has never been presented hitherto to the courts of this jurisdiction. The contention seems to be that a court may be obligated to accept a bid at a sale under foreclosure which will leave the debt of the principal

debtor unpaid in order that the holder of a second lien may redeem for a smaller sum. We cannot approve. The order will be affirmed.

*Order affirmed.*

O'Connor, P. J., and McSurely, J., concur.